619 A.2d 304

**Raymond E. BESTER and Judith Bester, His Wife,**

v.

**ESSEX CRANE RENTAL CORPORATION**

v.

**RUSSELL CONSTRUCTION COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1992.

Filed Jan. 8, 1993.

Gretchen J. Fitzer, Pittsburgh, for Essex Crane, appellant.

Anthony Sanchez, Pittsburgh, for Russell Const., appellee.

Before ROWLEY, President Judge, and CAVANAUGH, McEWEN, DEL SOLE, BECK, TAMILIA, KELLY, POPOVICH and FORD ELLIOTT, JJ.

CAVANAUGH, Judge:

The issue presented in this case is did the employer-contractor, Russell Construction Company, agree to indemnify the lessor-supplier of a crane, Essex Crane, for damages in a claim by an employee of the contractor for injuries allegedly caused by an employee of the lessor-supplier, Essex Crane? We agree with the trial court that the indemnity provision herein is insufficient to impose indemnity liability on Russell Construction and affirm.

Essex Crane Rental Corporation appeals from an order entered by the Court of Common Pleas of Allegheny County in this personal injury action. Original defendant/appellant, Essex Crane, sought to obtain joinder of appellee, Russell Construction Company, as an additional defendant. Appellee, Russell Construction, filed preliminary objections to the joinder contending that appellant's joinder request was untimely and that the attempted joinder was in any event impermissible. The trial court sustained the preliminary objections and dismissed appellant's joinder complaint.

The complaint was served on the original defendant, Essex Crane, on October 1, 1990. On February 1, 1991, the ex parte motion to join Russell Construction as an additional defendant late was granted by the Honorable R. Stanton Wettick, Jr. Russell Construction filed preliminary objections to the complaint challenging the joinder on the basis of untimeliness,

under Pa.R.C.P. 2252, 2253, and on the basis that the complaint did not state a cause of action under an indemnification theory. In ruling on the preliminary objections on April 24, 1991, Judge Wettick granted Russell Construction's motion to dismiss on the basis that it had been joined beyond the sixty-day period after Essex Crane had been served with the complaint and that cause had not been shown by Essex Crane for the late joinder, as required by Pa.R.C.P. 2253, and granted the demurrer because the complaint did not allege an express contract to indemnify for injuries caused to employees of Russell Construction.

Where an ex parte motion to join a third-party defendant out of time has been granted, the late-joined party may challenge the late joinder through preliminary objections. *Prime Properties Development Corp. v. Binns,* 397 Pa.Super. 492, 580 A.2d 405 (1990). Therefore, Judge Wettick did not err in considering the merits of the preliminary objections to the late joinder although he had already granted the ex parte motion to join on February 1, 1991.

We have examined the arguments presented by each of the parties relating the joinder issue. The appellant argues that it was an abuse of discretion of Judge Wettick to fail to find cause for the late joinder where the delay was relatively short (some four months after service of the original complaint), where no showing of prejudice was made by Russell Construction, and where there existed the need to investigate the terms of the lease agreement between the parties. Appellee, on the other hand, contends that there was no abuse of discretion in disallowing the late joinder because Essex Crane did not show why it was unable to timely procure the lease agreement between the parties since it was a business record and it formed the basis of their business relationship. We have concluded that a decision by this court on the propriety of the ruling on the question of late joinder, albeit a close one, is not necessary because we determine that that Judge Wettick correctly ruled in favor of Russell Construction on its demurrer.

Our scope of review over a trial court's decision to sustain a demurrer was stated in *Creeger Brick and Building Supply Inc. v. Mid–State Bank and Trust Co.*, 385 Pa.Super. 30, 32–33, 560 A.2d 151, 152 (1989):

A preliminary objection in the nature of a demurrer admits every well-pleaded fact and all inferences reasonably deducible therefrom. *McGaha v. Matter*, 365 Pa.Super. 6, 8, 528 A.2d 988, 989 (1987); *Pike County Hotels, Corp. v. Kiefer*, 262 Pa.Super. 126, 133, 396 A.2d 677, 681 (1978). It tests the legal sufficiency of the challenged complaint and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief may be granted. *Mudd v. Hoffman Homes For Youths, Inc.*, 374 Pa.Super. 522, 524, 543 A.2d 1092, 1093 (1988). If there is any doubt as to whether a claim for relief has been stated, the trial court should resolve it in favor of overruling the demurrer. *Mull v. Kerstetter*, 373 Pa.Super. 228, 229–230, 540 A.2d 951, 951 (1988).

Appellee, Russell Construction, entered into an agreement with appellant, Essex Crane, to lease a crane for the construction of the midfield terminal at the Greater Pittsburgh International Airport. Raymond Bester was an employee of Russell Construction at the construction site. On April 11, 1990, John Henderson, an employee of Essex Crane, arrived at the construction site with a crawler or tracked crane owned by Essex Crane and leased to Russell Construction under a lease signed on April 5, 1990. Bester was asked to assist Henderson in the removal of a track pin from the crane. Bester held a steel bar against the track pin while Henderson hit it with a sledge hammer in an attempt to dislodge the pin. Bester claims that Henderson's second swing missed the bar and struck Bester's right hand causing severe injuries. Subsequently, Bester and his wife, instituted the underlying action against appellant alleging that appellant was negligent in supplying an unfit and careless mechanic whose actions caused injury to Bester.

Essex Crane sought to join Russell Construction on the basis of a clause in the lease relating to indemnification:

The Lessee [Russell] shall defend, indemnify and hold forever harmless Lessor [Essex] against all loss, negligence, damage, expense, penalty, legal fees and costs, arising from any action on account of personal injury or damage to property occasioned by the operation, maintenance, handling, storage, erection, dismantling or transportation of any Equipment while in your possession. Lessor shall not be liable in any event for any loss, delay or damage of any kind of character resulting from defects in or inefficiency of the Equipment hereby leased or accidental breakage thereof. . . .

The Lessee will include the interest of ESSEX CRANE RENTAL CORP. as an additional named insured under their General Liability, Excess Liability, and Automobile Insurance Policies as respect to this equipment during the term of the rental with minimum liability limits of $1,000,000 per occurrence and provide a certificate of insurance to Lessor.

Essex Crane argues that this hold-harmless clause adequately grants it indemnity-immunity from negligence of both Russell Construction and itself. Since the injured party, Bester, was an employee of Russell Construction, under the terms of the Workmen's Compensation Act, any indemnity in favor of Essex Crane would have to be expressly provided for in a written contract. 77 P.S. § 481(b).[1] Under this section a third party may not seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the employee's injury, *see*

---

1. 77 P.S. § 481(b):

In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be *expressly provided for in a written contract* entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action. [Emphasis added.]

184

*Tsarnas v. Jones & Laughlin Steel Corporation*, 488 Pa. 513, 518, 412 A.2d 1094, 1096 (1980), absent an express provision for indemnity in a written contract.

Case law has established that the indemnity provision in the Workmen's Compensation Act must be construed strictly, and general indemnity language such as "any or all" or "any nature whatsoever" is insufficient. *Pittsburgh Steel Co. v. Patterson–Emerson–Comstock, Inc.*, 404 Pa. 53, 171 A.2d 185 (1961). In *Pittsburgh Steel Co.*, an employee of a contractor was injured by a crane operated by an employee of Pittsburgh Steel. The injured worker sued Pittsburgh Steel, which then joined his employer as an additional defendant. The case was settled by Pittsburgh Steel and subsequently dismissed with prejudice. Pittsburgh Steel then brought a separate action against both the employer and the statutory employer of the injured worker for indemnification. The contractual provision upon which Pittsburgh Steel premised its claim against the employers for indemnification was as follows:

"INSURANCE CLAUSE: Contractor [Patterson] will indemnify, save harmless and defend buyer [the present plaintiff-appellant] from all liability for loss, damage or injury to person or property in any manner arising out of or incident to performance of this order and will furnish buyer with proper evidence that contractor is insured against such liability. Contractor will indemnify, save harmless and defend buyer from any and all claims, demands or suits made or brought against buyer on account of any of the terms or provision of any applicable workmen's compensation law and will furnish buyer with the proper evidence that contractor is insured against all liability made under such law."

*Id.* at 55, 171 A.2d at 186.

The supreme court held that this language was insufficient to cause the statutory employer to give up its immunity from suit for injuries suffered by one of its own statutory employees and caused by the indemnitee's own negligence. The statutory employer was not liable to the indemnitee under the Workmen's Compensation Act.

■ A court will not materially rewrite the contract of the parties and insert terms which are not there in the absence of an explicit expression to waive the protection afforded by the Workmen's Compensation Act. *Potts v. Dow Chemical Company*, 272 Pa.Super. 323, 415 A.2d 1220 (1979). In *Potts*, employees of U.S. Steel sued Dow Chemical for injuries sustained as a result of inhaling fumes created during the process of Dow's cleaning the water system at the U.S. Steel plant. Dow attempted to join U.S. Steel as an additional defendant. U.S. Steel asserted its statutory immunity under § 481, and Dow cited language in the agreement between them regarding the limitation of Dow's liability for injuries suffered by employees of U.S. Steel. The superior court held that this language imposed liability upon Dow and did not create an indemnification agreement by "necessary implication" in the event that Dow's negligence causes injury to an employee of U.S. Steel.

■ We agree that if the indemnification agreement is clear and includes indemnification in the event of either the indemnitee's or the employer's own negligence, its enforceability does not require that the employer, in addition, expressly and *in haec verba* waive the immunity provided by § 481(b) of the Workmen's Compensation Act. *See Szymanski–Gallagher v. Chestnut Realty*, 409 Pa.Super. 323, 597 A.2d 1225 (1991). The intent to indemnify against claims by employees of the alleged indemnitor, however, must clearly appear from the terms of the agreement. *Remas v. Duquesne Light Co.*, 371 Pa.Super. 183, 537 A.2d 881 (1988).

In *Remas* the original defendant had been sued by an employee of the additional defendant. The additional defendant demurred to the complaint against it on the basis of the statutory immunity from suit conferred by § 481(b) of the Workmen's Compensation Act. The original defendant sought to avoid the statutory immunity by virtue of the following language in an indemnification clause:

INDEMNIFICATION—To hold harmless and indemnify the Company [original defendant] from and against any liability, loss, damages, cost and expense which the Compa-

ny may suffer from any claim, demand, action, suit or cause of action which may be made or had against the Company by reason of any act committed by the Contractor [additional defendant], its agents, servants or employees other than an act performed by the Contractor, its agents, servants or employees at the specific instruction of the Company.

*Id.* at 186, 537 A.2d at 832.

The court held that the language of the indemnification clause did not constitute an express provision for the employer to assume an indemnity obligation for injury to its own employees. Since careful scrutiny and strict construction is required in consideration of indemnification clauses, language which did not expressly say that employer agreed to forego its statutory protection and to assume unlimited liability for damages arising from harm suffered by its own employees resulted in a finding of lack of loss of the statutory immunity by employer.

A panel of this court in *Szymanski–Gallagher, supra,* reviewed the caselaw requiring specificity of expression regarding indemnification for the indemnitee's negligence resulting in injury to an employee of the indemnitor. The panel noted that the caselaw which requires express indemnification by the indemnitor in cases caused by the negligence of the indemnitee remains in force. 409 Pa.Super. at 331, n. 1, 597 A.2d at 1229, n. 1. The panel held that the language of the clause in *Szymanski–Gallagher* clearly covered liability resulting from the indemnitee's own negligence and, therefore did not abridge any of the prior caselaw relating to the requirement of specificity in instances of the indemnitee's own negligence. We find, however, that the analysis of the *Szymanski–Gallagher* panel was faulty where it did not specifically require the indemnification clause to state that the indemnitor would be liable in indemnity for injuries suffered by its own employees.

The language of the indemnification clause in *Szymanski–Gallagher* reads as follows:

Lessee also agrees to be responsible for and to relieve and hereby relieves lessor from all liability by reason of any damage or injury to any person or thing which may arise

from or be due to the use, misuse, or abuse of all or any of the elevators, hatches, openings, stairways, hallways, of any kind whatsoever, which may exist or hereafter be erected or constructed on said premises, ... whether such damage, injury, use, misuse, or abuse be caused by or result from the negligence of lessor, his servants or agents or any other person or persons whatever.

█ We reject the finding in *Szymanski–Gallagher* that this language is sufficient to create a duty of the employer to indemnify the other party for injuries to the employer's own employees. Rather than apply the "fair reading" standard implied in *Szymanski–Gallagher, id.* at 330, 597 A.2d at 1229, regarding the interpretation of the indemnification clause, we require that such a clause contain plain language which would avoid the employer's protection from double responsibility which is afforded by the Workmen's Compensation Act. We apply today the requirement in the law that in order for an employer to be held liable in indemnification for injuries to its own employees caused by the negligence of the indemnitee there must be an express provision for this contingency in the indemnification clause. The absence of a provision in the hold-harmless clause that lessee [Russell Construction] would indemnify lessor [Essex Crane] against the negligence of lessor in a claim by lessee's employee requires the conclusion that the clause does not meet the requirements of the Workmen's Compensation Act concerning express waiver, 77 P.S. § 481(b).

In order to avoid the ambiguities which grow out of the use of general language, contracting parties must specifically use language which demonstrates that a named employer agrees to indemnify a named third party from liability for acts of that third party's own negligence which result in harm to the employees of the named employer. Absent this level of specificity in the language employed in the contract of indemnification, the Workmen's Compensation Act precludes any liability on the part of the employer.[2]

2. The requirement for specificity for an indemnitee to be indemnified for its own negligence is a related, but independent, concept of the law.

Since we find that the lower court did not err in granting the preliminary objections of Russell Construction, we affirm its dismissal from the instant action.

Order affirmed.

KELLY, J., files a Concurring Statement which is joined by McEWEN, J.

KELLY, Judge, concurring.

I concur in the result reached by the majority. I would affirm the order sustaining Russell Construction's preliminary objections solely on the ground that the indemnification clause at issue did not indemnify Essex Crane for the negligent acts of its employees.[1]

Although we decide this case on the basis of application of the terms of the Workmen's Compensation Act, we note that under the more broad precept of limitation of liability for an indemnitee's own negligence, the language used in the lease between Essex Crane and Russell Construction does not provide for indemnity for the injuries suffered by Bester.

The supreme court in *Ruzzi v. Butler Petroleum Company,* 527 Pa. 1, 588 A.2d 1 (1991) recently reaffirmed the requirement held in *Perry v. Payne,* 217 Pa. 252, 66 A. 553 (1907) that words of general import cannot establish an agreement to indemnify. *Ruzzi* held the drafters of the indemnification agreement to the level of specificity established in *Perry. Perry* held that "... [A] contract of indemnity against personal injuries should not be construed to indemnify against the negligence of the indemnitee, unless it is so expressed in unequivocal terms." *Id.* at 262, 66 A. at 553, *quoted in Ruzzi,* 527 Pa. at 8, 588 A.2d at 4. The clause in *Ruzzi* failed because it made no reference to the *negligent* acts of the indemnitee. Similarly, in this case, the hold harmless clause is insufficient to establish a duty to indemnify because it does not unequivocally state that Russell Construction would indemnify Essex Crane for *its own* negligent acts.

Essex Crane attempts to distinguish *Ruzzi* by emphasizing the court's attention to the absence of the word "negligence" in the indemnification clause involved in that case. This, however, ignores the full import of the *Ruzzi* holding which requires that each distinct concept affecting indemnification must be subject to explicit treatment in the clause. Because the parties in this case did not specifically agree that Russell Construction would hold Essex Crane harmless for acts of its own negligence against employees of Russell Construction, we find that the indemnification clause fails when analyzed under the principles enunciated in *Perry* and *Ruzzi.*

1. I also agree that the result reached herein does not require us to address the issue of late joinder.

As the majority notes, *see* Majority opinion at 187–88 n. 2, under long-established Pennsylvania law, in order to provide indemnification for the negligent acts of an indemnitee, the contract language must be clear and unequivocal. *Ruzzi v. Butler Petroleum Co.*, 527 Pa. 1, 7, 588 A.2d 1, 4 (1991).

> [A] contract of indemnity against personal injuries should not be construed to indemnify against the negligence of the indemnitee, unless it is so expressed in unequivocal terms. The liability on such indemnity is so hazardous, and the character of the indemnity so unusual and extraordinary, that there can be no presumption that the indemnitor intended to assume the responsibility unless the contract puts it beyond doubt by express stipulation. No inference from words of general import can establish it.

*Id., quoting Perry v. Payne*, 217 Pa. 252, 262, 66 A. 553 (1907).

The indemnification clause at issue provides:

> The Lessee shall defend, indemnify and hold forever harmless Lessor against all loss, negligence, damage, expense, penalty, legal fees and costs, arising from any action on account of personal injury or damage to property occasioned by the operation, maintenance, handling, storage, erection, dismantling or transportation of any Equipment while in your possession. Lessor shall not be liable in any event for any loss, delay or damage of any kind of character resulting from defects in or inefficiency of the Equipment hereby leased or accidental breakage thereof.

Reproduced Record at 52A. Under established case law, this contract cannot be construed to provide coverage for the negligent acts of Essex Crane's employees. *See Ruzzi, supra. See also Pittsburgh Steel Co. v. Patterson–Emerson–Comstock, Inc.*, 404 Pa. 53, 171 A.2d 185 (1961) (contractor's promise to "indemnify, save harmless and defend buyer from all liability for loss, damage or injury to person or property in any manner arising out of or incident to performance of this order" held too broad to indemnify against buyer's negligent acts).

That the contract does not indemnify against Essex Crane's employee's negligence is sufficient reason to affirm the trial

court's order. The majority holds, however, that waiver of an employer's Workers' Compensation Act Immunity must be just as specific, if not more specific, despite our decision in *Szymanski–Gallagher*, 409 Pa.Super. 323, 597 A.2d 1225 (1991). It is the treatment of this issue that I cannot join.

As we stated in *Szymanski–Gallagher*, *supra*, the Workers' Compensation Act waiver provision, 77 P.S. § 481(b), does not require more than "an express agreement to indemnify that fairly implicates liability under the facts alleged." *Szymanski–Gallagher*, *supra* at 331, 597 A.2d at 1229. In that case, we held that an indemnification for harm against "any person" provided indemnity for harm against the indemnitor's employees. *Id.*[2]

I continue to believe that such language evidences the indemnitor's intent to accept "double responsibility." Majority opinion at 185–87. In short, undertaking liability for harm to "any person" brought upon by the negligence of the indemnitee constitutes "plain language which would avoid the employer's protection from double responsibility," *id.* See *Szymanski–Gallagher*, *supra*.

While the majority requires a clause containing plain language, it also reassures that an indemnification contract's "enforceability does not require that the employer, in addition, expressly and *in haec verba* waive the immunity provided by § 481(b) of the Workmen's Compensation Act." Majority

---

**2.** In *Szymanski–Gallagher*, *supra*, we noted that the court in *Remas v. Duquesne Light Co.*, 371 Pa.Super. 183, 537 A.2d 881 (1988), *allocatur denied*, 520 Pa. 597, 598, 552 A.2d 251, 252 (1988) added surplusage which implied that an express waiver of immunity was necessary. *Szymanski–Gallagher*, *supra*, 409 Pa.Super. at 330–31, 597 A.2d at 1229. We explained that such a rule was not necessary to reach the result in *Remas*, because the contract therein only indemnified Duquesne Light against claim arising from acts committed by Green Security Services, Inc. or its agents. There was no indemnification for acts committed by Duquesne itself. Therefore, the *Remas* court was correct in finding that the indemnification language "could not be construed as an indemnity undertaking or an assumption of liability by Gregg for harm to employees *caused by conduct of Duquesne." Remas*, *supra*, 371 Pa.Super. at 187–88, 537 A.2d at 883 (emphasis added). Accordingly, we are not compelled to infer from *Remas* that a waiver will only be enforced if it contains highly specific language that the employer waive its statutory immunity. *Szymanski–Gallagher*, *supra*.

opinion at 183–187.   Therefore, for indemnification, a prospective indemnitee must state that the clause applies to the indemnitor's employees more specifically than was done in *Szymanski–Gallagher*, *supra* ("any person"), but need not actually spell out that the employer would waive its immunity under the Worker's Compensation Act.   I disagree.   I would interpret "any person" as specific enough to mean that the employer-indemnitor intended to accept liability for injuries to any person, including its own employees.

In the instant case, I would find that Russell Construction's preliminary objections were properly sustained because it did not contract to indemnify against the alleged negligent acts of John Henderson, an Essex Crane employee.   I cannot join the majority opinion, however, which requires more than "an express agreement to indemnify that fairly implicates liability under the facts alleged," *Szymanski–Gallagher*, *supra* at 311, 597 A.2d at 1229, in order to find that an employer has waived its statutory immunity pursuant to 77 P.S. § 481(b).

Hence, I concur only in the result reached by the majority.

McEWEN, J., joins this concurring statement.