621 A.2d 166

**Robin Lynn HACKMAN and John Hackman**

v.

**MOYER PACKING, t/a Mopac**

v.

**Michael CURRIE, t/a Currie Cleaning Service, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1992.

Filed March 8, 1993.

Donna A. Hoch, Media, for appellant.

Barbara C. Karkut, Philadelphia, for Moyer Packing, appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

WIEAND, Judge:

In this appeal, we are asked to review the enforceability of an agreement made by a cleaning service to indemnify its customer against bodily injury claims made by employees of the cleaning service. The trial court held that the agreement was sufficiently specific to require that it be enforced. We agree and affirm.

Robin Hackman, an employee of *Currie Cleaning Service* (Currie), filed an action against Moyer Packing Company (Moyer) in which she alleged that she had fallen while working for her employer on Moyer's premises. The fall and injuries sustained therein, she alleged, had been caused by Moyer's negligence. Moyer caused Currie to be joined as an additional defendant, alleging that Currie had agreed to indemnify Moyer against Hackman's claim. Both Moyer and Currie thereafter filed motions for summary judgment. The trial court

entered summary judgment in favor of Moyer and held that Currie was liable to indemnify Moyer for any damages recovered by Hackman in her action against Moyer. Currie appealed.

■ Section 481(b) of the Workmen's Compensation Act provides as follows:

§ 481. **Exclusiveness of remedy; actions by and against third party; contract indemnifying third party**

. . . .

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity *shall be expressly provided for in a written contract entered into by the party alleged to be liable* prior to the date of the occurrence which gave rise to the action.

Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b) (emphasis supplied).

In *Bester v. Essex Crane Rental Corporation,* 422 Pa.Super. 178, 619 A.2d 304 (1993), the Superior Court concluded that an indemnity agreement would not be enforced in employee actions against third parties unless the employer's agreement to indemnify the third party was made to apply specifically to claims by its employees. In the absence of specific language, the Court held, an employer's waiver of the immunity granted to the employer by the Workmen's Compensation Act would not be inferred. The Court said:

[C]ontracting parties must specifically use language which demonstrates that a named employer agrees to indemnify a named third party from liability for acts of that third party's

own negligence which result in harm to the employees of the named employer. Absent this level of specificity in the language employed in the contract of indemnification, the Workmen's Compensation Act precludes any liability on the part of the employer.

*Id.* at 308–09.

Instantly, the indemnification agreement provides in relevant part:

[Currie] . . . agrees to indemnify, save and hold harmless Moyer Packing Company, its subsidiaries, affiliates, their directors, officers, agents, workmen, servants or employees, against any and all claim or claims brought by the agents, workmen, servants or employees of [Currie] for any alleged negligence or condition, caused or created, [in] whole or in part, by Moyer Packing Company.

By this language Currie specifically agreed to indemnify Moyer for liability arising from harm suffered by Currie's employees while working on Moyer's premises, even though Moyer may have been negligent in causing or contributing to the employees' injuries. As such, the requirements for waiver under the Workmen's Compensation Act have been met. The trial court did not err in concluding that the indemnity agreement was enforceable against Currie.

■ Currie also contends that its agreement to indemnify was not supported by valuable consideration. Currie asserts that it and Moyer had enjoyed a business relationship for at least a year before the indemnity clause was inserted into their existing agreement. Although it is generally true that a modification of a contract must be supported by new consideration, see: *Wilcox v. Regester,* 417 Pa. 475, 482, 207 A.2d 817, 821 (1965), the rule is inconsequential here. The original contract by which Currie was engaged to perform cleaning services for Moyer was subject to termination by either party upon 60 days notice to the other. Therefore, Moyer's forbearance in terminating the cleaning services of Currie was adequate consideration for the agreement to indemnify. In order to continue its employment of Currie, Moyer could require

that Currie agree to indemnify it against third party claims by Currie's employees.

■ The parties' indemnification agreement does not violate public policy. As all the decisions agree, an agreement to indemnify another against claims based on such other person's own negligence will be enforced so long as the parties' intent clearly appears. See, e.g.: *Pittsburgh Steel Co. v. Patterson–Emerson–Comstock, Inc.,* 404 Pa. 53, 57, 171 A.2d 185, 187 (1961); *Woodburn v. Consolidation Coal Co.,* 404 Pa.Super. 359, 364–366, 590 A.2d 1273, 1275–1276 (1991). Here, as we have observed, the indemnity agreement specifically obligated Currie to indemnify Moyer against employee claims even though based on Moyer's own acts of negligence.

■ The contract was not one of adhesion. The contract was between two commercial entities, and there is nothing that would have prevented Currie's awareness of its terms. See: *Egan v. Atlantic Richfield Co.,* 389 Pa.Super. 290, 296, 566 A.2d 1249, 1252 (1989), *allocatur denied,* 525 Pa. 634, 578 A.2d 929 (1990). For all these reasons, the trial court properly determined that the indemnification agreement was enforceable.

■ The contract requires Currie not only to indemnify Moyer but also to undertake the defense of actions filed against Moyer by Currie's employees. Because of this the agreement is broad enough to require Currie to reimburse Moyer for counsel fees and costs incurred in defending Hackman's action.

■ By other terms of the parties' agreement, Currie was required to purchase insurance coverage to protect against liability claims. This was a provision separate from Currie's agreement to indemnify Moyer. The fact that Moyer accepted a policy providing less coverage than that required by the terms of the parties' agreement did not constitute a waiver of the benefits accruing under Currie's agreement to indemnify. The terms of the indemnification agreement are enforceable and Currie is obligated to indemnify Moyer

against the claim being made by Hackman.[1] Therefore, the entry of summary judgment in favor of Moyer was proper.

Order affirmed.

---

1. Currie has also contended that Moyer improperly filed a supplemental brief after briefing and oral argument in the trial court. The procedure for briefing, however, is left largely to the discretion of the trial court. The trial court has stated in its opinion that Moyer's supplemental brief was received *before* the conclusion of briefing and argument. We have no basis on which to disagree with the trial court's observation, and no basis for deciding the present appeal differently because of the manner in which briefs were filed in the trial court.