Sean KENNEDY

v.

**SHUWA INVESTMENTS CORP.**

v.

**UNITED ENGINEERS AND CONSTRUCTORS, INC.**

Civ. A. No. 92–CV–6383.

United States District Court, E.D. Pennsylvania.

June 23, 1993.

Allan J. Sagot, Philadelphia, PA, for Kennedy.

Sean X. Kelly, Marks, Kent & O'Neill, P.C., Westmont, NJ, for Shuwa Investments Corp.

Samuel W. Silver, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for United Engineers.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Sean Kennedy, initiated this civil action against Shuwa Investments Corporation (Shuwa) in order to recover damages for an injury he sustained while working as a stock clerk for United Engineers and Constructors (UE & C). Shuwa, a foreign corporation licensed to operate in the Commonwealth of Pennsylvania, owned the premises upon which Kennedy was injured. UE & C, however, had leased the premises from Shuwa when the injury occurred, and Shuwa, subsequently, joined UE & C in this action as a third-party defendant pursuant to Fed. R.Civ.P. 14 and Local Rule 22.

UE & C has moved to dismiss themselves as third-party defendants on two grounds. First, Shuwa's joinder was untimely and, therefore, violated Local Rule 22. Secondly, because UE & C employed Kennedy, the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 *et seq.*, bars Shuwa from joining UE & C as a third party in this action.

For the reasons outlined below, we must conclude that Shuwa's joinder of UE & C was improper, and, therefore, the motion to dismiss of third-party defendant UE & C shall be granted. We agree with UE & C that the Workmen's Compensation Act alone bars Shuwa from joining UE & C in this action. We need not, therefore, address UE & C's first assertion that the joinder was untimely.

■ The legislative intent to bar the joinder of an employer in a third-party civil action is well established. A third-party who is responsible in part or in whole for an injury suffered by an employee protected by the Workmen's Compensation Act, may not join the employer in the employee's action against him. *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 465 A.2d 609, 611 (1983) quoting *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 517–18, 412 A.2d 1094 (1980). Nor may the third party seek contribution or indemnification from the employer, even though the employer's negligence may have been the primary cause of the injury. *Heckendorn*, 465 A.2d at 611. The purpose of the bar is to avoid a situation where the employer becomes doubly liable for an employee's injuries as a result of Workmen's Compensation and a civil lawsuit. *See Bester v. Essex Crane Rental Corp.*, 422 Pa.Super. 178, 619 A.2d 304, 307 (1993).

■ Shuwa, however, attempts to invoke the indemnification exception outlined in 77 P.S. § 481(b) which in part provides:

> ... but the employer ... shall not be held liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, *unless liability for such damages, contributions, or indemnity shall be expressly provided for* in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action. (emphasis added).

Shuwa contends that UE & C agreed to indemnify it for any injuries arising on the premises and, therefore, is a proper party to the suit.

The indemnification exception, however, fails because the agreement between Shuwa and UE & C lacks specificity. First, UE & C did not agree to indemnify Shuwa for Shuwa's own negligence:

> ... and indemnify Landlord [Shuwa] ... (b) from any use made or thing done or occurring on the Premises *not due to the omission, fault, willful act, negligence or other misconduct of Landlord* [Shuwa].... (emphasis added).

Reply Brief of UE & C in Support of Motion to Dismiss, Exhibit A, p. 2. Secondly, UE & C did not specifically agree to indemnify Shuwa for injuries sustained by UE & C employees. In an analogous case, the court in *Bester v. Essex Crane Rental Corp.*, 619 A.2d 304, 305 (Pa.Super.1993), granted the third-party defendant's demurrer holding that the indemnification agreement was insufficient to impose liability. There, Bester, a Russell Construction Company employee, sued Essex for injuries he sustained resulting from an Essex employee's act. *Id.* Essex then joined Russell asserting that Russell agreed to indemnify Essex for such incidents. *Id.* The indemnity clause stipulated:

The Lessee [Russell] shall defend, indemnify and hold forever harmless Lessor [Essex] against all loss, negligence, damage, expense, penalty, legal fees and costs, arising from any action on account of personal injury or damage to property occasioned by the operation, maintenance, handling, storage ... of any equipment in your possession. Lessor shall not be liable in any event for any loss, delay or damage of any kind of character resulting from....

*Id.* at 306. The court found that indemnity provisions under the Workmen's Compensation Act must be strictly construed and that courts will not materially rewrite the agreement in order to waive the protection afforded the employer from double liability. *Id.* at 307. Thus, the indemnity agreement must contain plain language that expressly demonstrates that a named employer agrees to indemnify a third party from liability for that party's acts which result in injury to any employee of the named employer. *Id.* at 308–09.

In contrast, the court in *Hackman v. Moyer Packing,* 621 A.2d 166, 167–68 (Pa.Super.1993) held that the indemnity agreement was sufficiently specific to enforce liability on the employer and allowed the joinder. In that case, Hackman, a Currie employee, sued Moyer for injuries sustained while on Moyer's premises. *Id.* at 167. The indemnity agreement between Currie and Moyer read:

[Employer] ... agrees to indemnify, save and hold harmless Moyer Packing Company [third party], its affiliates, their directors, officers, agents, workmen, servants or employers, against any and all claim or claims brought by the agents, workmen servants or *employees* of [Employer] for any alleged negligence or condition, caused or created [in] whole or in part, by Moyer Packing Company. (emphasis added).

*Id.* at 168. The court found that this language specifically agreed to indemnify Moyer for liability arising from harm suffered by Currie's employees while working on Moyer's premises, even though Moyer may have been negligent. *Id.*

Here, unlike *Hackman,* the indemnity agreement between Shuwa and UE & C makes no specific reference to any claims raised by UE & C's "agents, workmen, servants or employees." The agreement reads in part:

... save harmless, and indemnify Landlord [Shuwa] from any liability for injury, loss, accident or damage to *any person* or property, and from any claims, actions, proceedings and expenses and costs in connection therewith ... (emphasis added).

Reply Brief of UE & C in Support of Motion to Dismiss, Exhibit A, p. 2. Similar to the agreement in *Bester,* this indemnification clause lacks the specificity required to overcome the bar established by 77 P.S. § 481.

## ORDER

AND NOW, this 23rd day of June, 1993, upon consideration of the Third–Party Defendant's Motion to Dismiss and finding that the Workmen's Compensation Act, 77 P.S. § 1 *et seq.* bars the joinder of United Engineers and Constructors, Inc. in this civil action, it is hereby ORDERED that the Motion to Dismiss of Third–Party Defendant United Engineers and Constructors, Inc. is GRANTED, and United Engineers and Constructors is DISMISSED from this civil action with prejudice.