**Edward Keyse MACE, Appellee,**

v.

**ATLANTIC REFINING & MARKETING CORP, a Subsidiary of Atlantic Petroleum Corporation and Bassam Barqawi, t/a A–Plus Mini Market and Bobby Perry, Appellees.**

**Appeal of ATLANTIC REFINING AND MARKET CORP.**

Superior Court of Pennsylvania.

Argued June 16, 1998.

Filed Sept. 17, 1998.

William J. Taylor, Philadelphia, for appellant.

Richard K. Hohn, Philadelphia, for Bassam Barqawi, appellee.

Before CAVANAUGH, STEVENS and HESTER, JJ.

CAVANAUGH, Judge:

We are presently obliged to embark upon the murky waters of Pennsylvania contractual indemnification law.

### FACTUAL BACKGROUND

On December 8, 1992, plaintiff Mace was at an A–Plus Mini–Market in Philadelphia. He was severely battered with a baseball bat by Perry, an employee of the store. Perry was employed by Barqawi who possessed and operated the market under lease from Atlantic.[1] Thus, we have a lawsuit by a victim against the perpetrator employee, the operator-employer, and owner of a retail enterprise.

### PROCEDURAL HISTORY

Plaintiff Mace sued the three defendants and Atlantic answered and cross-claimed against Barqawi who answered thereto and cross-claimed against Atlantic. Atlantic won summary judgment on the claims of plaintiff Mace and cross-claimant Barqawi. Then, Barqawi won dismissal of Atlantic's claim against him. Atlantic's claim against

---

1. For simplicity we have used familiar names throughout.

Barqawi was grounded on contractual indemnity and it is the dismissal thereof that is the subject of the present appeal. Since the case has now been settled without contribution from Atlantic, our principle concern remains that of indemnity rights, but the subject matter has been reduced to Atlantic's claim for indemnity of costs and fees incurred in defense of the claim.

Both parties have, in their briefs, made allusion to the distinction between indemnity for defense costs and indemnity for damages. They have provided no principled arguments for variant application of this distinction to the present issue. Since the parties work from the hypotheses that the obligation to indemnify for costs follows duty to indemnify for damages, we do the same.

### THE CONTRASTING POSITIONS

Atlantic, having been loosed of all tort responsibility in the underlying case by reason of its successful summary judgment motions, argues that the trend of Pennsylvania cases disfavor indemnity for claims asserted by negligent indemnitors and in favor of innocent indemnitees. This "equitable" interpretation of the cases is grounded on the precept that a culpable party ought not be protected from the consequences of its own malefaction. This is especially true if the claimed indemnitee is an innocent party. A corollary is that where both indemnitor and indemnitee share some culpability, mixed results can be expected. Atlantic places reliance on a number of cases which have carefully analyzed contractual indemnity rights with a view of achieving equitable results. These cases, include *Babcock & Wilcox Co. v. Fischbach & Moore, Inc.*, 218 Pa.Super. 324, 280 A.2d 582 (1971); *Burke v. Koch Industries*, 744 F.Supp. 677 (E.D.Pa.1990); *Deskiewicz v. Zenith Radio*, 385 Pa.Super. 374, 561 A.2d 33 (1989); *Hackman v. Moyer Packing*, 423 Pa.Super. 378, 621 A.2d 166 (1993), and others. They defy reconciliation by one who would seek to extract from them a determinative formula for a standard of workable indemnification.

In opposition to Atlantic's position is the argument of appellee Barqawi. It is argued that the supreme court enunciated its position as to indemnity when it held that an agreement to indemnify must be expressed in unequivocal terms. *Perry v. Payne*, 217 Pa. 252, 66 A. 553 (1907). It is further argued that the supreme court reinvigorated · *Perry* in *Ruzzi v. Butler Petroleum Co.*, 527 Pa. 1, 588 A.2d 1(1991). Indeed, in that case, the supreme court approved the then 87 year old rule of *Perry* that if parties intend to include within the scope of their indemnity agreement a provision that covers losses due to the indemnitee's own negligence, they must do so in clear and unequivocal language. No inference from words of general import can establish such indemnification.[2] Indeed *Perry–Ruzzi* can be seen as providing logical bookends to the variety of federal and intermediate appellate court decisions which sought to craft an acceptable formula for determining when one party may be called upon to answer for another's responsibility.

■ We agree with the *Perry–Ruzzi* doctrine of insistence on clear unambiguous language for enforceability of an indemnity obligation. This standard recognizes that the parties are free to reach their own contract terms and to assume whatever burdens or risks their respective bargaining resources dictate. The insistence on clear statement of their undertaking by the parties allows the courts to decide indemnity and cost of defense issues promptly and based upon the agreement reached by the parties. It avoids the delays and uncertainties inherent in an equitable outcome-based determination which is influenced by the relative obligations which are fixed by the results of the underlying litigation. Our recent cases have given *Perry–Ruzzi* full obeisance. *See Bester v. Essex Crane Rental*, 422 Pa.Super. 178, 619 A.2d 304 (1993) see f.n. 2; *Hackman v. Moyer Packing Co.*, 423 Pa.Super. 378, 621 A.2d 166 (1993); *Bethlehem Steel Corp. v. Matx, Inc.* 703 A.2d 39 (Pa.Super.1997).

This brings us to the provisions pertinent to indemnity in the instant action:

SECTION 12 Indemnity and Insurance

---

2. *Ruzzi*, 527 Pa. at 7, 588 A.2d at 4.

12(A) Franchisee [Barqawi] agrees to indemnify, hold harmless and defend ATLANTIC from and against all claims, losses and damages for personal injury or death, or damage to property, occurring on the Premises, or arising out of Franchisee's use or occupancy of the Premises, or arising out of Franchisee's use, custody or operation of the Store, Store equipment, Loaned Store Equipment, or any other equipment on the Premise excepting any damage or loss caused solely by the negligence of Company or solely by Company's failure to perform its obligations hereunder.

Lease, Paragraph 15(a) states:

15. Indemnity and Insurance.

15(a) lessee [Barqawi] agrees to indemnify, hold harmless and defend Lessor [Atlantic] from and against all claims, losses and damages for personal injury or death or damage to property or clean up costs and fines occurring on the Premises, arising out of lessee's use or occupancy of the Premises, or arising out of Lessee's use, custody or operation of the Store Equipment, Loaned Equipment, or in any other equipment on the Premises excepting any damage or loss caused solely by the negligence of Lessor or solely by Lessor's failure to perform its obligations hereunder.

■ The background is that Atlantic was haled into court together with store operator Barqawi and perpetrator Perry on a claim of joint, several and individual liability for injuries to the plaintiff. Insofar as indemnity for defense expenses based upon the above stated provisions and under the *Perry–Ruzzi* rule, it cannot be said that Atlantic is entitled to indemnity where it is charged with negligence since the provisions do not so provide. Clearly the indemnity portions of the commitment speak to the responsibilities of the indemnitor-franchisee lessee—Barqawi and does not allude to the right of Atlantic to recover even if a responsible party.

When we look further, however, we find that both provisions contain an "excepting" clause that would explicitly prohibit indemnity rights to Atlantic for losses solely caused by Atlantic.

However, this exception clause is simply inapplicable instantly since it is not (nor could it reasonably be) argued that Atlantic is solely responsible for the assault. Also, any attempt to read into the provisions the inference that since Atlantic is foreclosed in cases of sole responsibility, it inferentially has entitlement in lesser cases of joint or partial responsibility must also fail. Such inferential reasoning would violate the cardinal teaching of *Perry–Ruzzi*. The liability on such indemnity is so hazardous, and the character of the indemnity (of the claiming indemnitee) so unusual and extraordinary, that there can be no presumption that the indemnitor intended to assume the responsibility unless the contract puts it beyond doubt by express stipulation. At best, it can be said on appellant's behalf that the exception clause creates an ambiguity. However, *Perry–Ruzzi* demands precision and parties who rely on ambiguity or inference cannot thereby claim the benefit of indemnity.

We affirm the order of the trial court which has denied indemnity to appellant Atlantic. We recognize that our reasoning differs somewhat from the reasoning of the trial court, however it is clear that we may affirm the decision of a trial court for reasons other than those proffered by the trial court. *McAdoo Borough v. Comm. of Pa., Pa. Labor Relations Board*, 506 Pa. 422, 485 A.2d 761 (1984); *Williams v. Otis Elevator Co.*, 409 Pa.Super. 486, 598 A.2d 302 (1991).

Order affirmed.

HESTER, Senior Judge, files a dissenting opinion.

HESTER, Senior Judge, dissenting:

I must respectfully dissent. In my judgment the holding enunciated in *Ruzzi v. Butler Petroleum Co.*, 527 Pa. 1, 588 A.2d 1 (1991), reaffirming *Perry v. Payne*, 217 Pa. 252, 66 A. 553 (1907), should not be applied to the within factual situation. In *Ruzzi* and *Perry*, our Supreme Court held that if parties intend to include within the scope of their indemnity agreement a provision that covers losses due to the indemnitee's own negligence, they must do so in clear and unequivocal language.

In *Perry*, there was no question as to Perry's negligence. A Perry employee lowered an elevator, crushing to death a Payne employee. The indemnity agreement did not provide the required coverage. Indemnity denied. In *Ruzzi*, Butler was found to be eighty-four percent negligent. Indemnity denied. A vigorous dissent was entered by then Justice, now Chief Justice Flaherty, dealing with the wording of the indemnity agreement.

In *Bester v. Essex Crane Rental*, 422 Pa.Super. 178, 619 A.2d 304 (1993), Russell Construction leased a crane from Essex. Bester, an employee of Russell, sustained a severe injury as a result of the negligence of an Essex employee. Bester sued Essex. Essex sought indemnification from Russell based upon their agreement. We held that the language of the indemnity agreement did not provide coverage for Essex for its own negligence.

In *Bethlehem Steel Corp. v. Matx, Inc.*, 703 A.2d 39 (Pa.Super.1997), indemnity was allowed to a negligent Bethlehem indemnee. The indemnity agreement expressly permitted recovery.

As pointed out by the majority, our appellate courts have been consistent in holding that for an indemnitee to recover for its own negligence under the terms of an indemnity agreement, that agreement to indemnity must be expressed in unequivocal terms.

In the matter now before us, the holding in *Perry* and *Ruzzi* has no application to the undisputed facts. Atlantic is not attempting to recover for its own negligence. Atlantic is not a culpable party seeking protection from the consequences of its own malefaction. Judge Sheppard found that Atlantic committed no act which caused or contributed to plaintiff Mace's injuries. The majority expresses it by stating, "Atlantic, having been loosed of all tort responsibility . . ."

Barqawi was in sole possession of the premises (R. 146a). He operated the market as an independent contractor (R. 118a). He controlled the day-to-day activities of the market including the hiring, supervision, and control of all market employees (R. 118a). Atlantic did not fail to perform its obligations under the agreement. Barqawi and Atlantic share no culpability. Atlantic is not seeking recovery from the results of its own negligence. It is beyond question, Atlantic was not negligent.

Atlantic is seeking reimbursement for counsel fees that it was forced to expend in defending itself from the lawsuit instituted by Mace to recover for injuries inflicted by an employee of Barqawi. Atlantic is completely free from negligence; hence, the holding of *Perry* and *Ruzzi* should not be applied to this factual situation.

Barqawi's failure to defend Atlantic compelled Atlantic to enter a defense in order to avoid summary judgment. It had no alternative. Hence, Atlantic seeks not indemnification for its own nonexistent negligence; rather, it is seeking reimbursement for Barqawi's failure to defend it as set forth in the agreement and lease.

I would, therefore, reverse and remand for the determination of reasonable counsel fees.