**Casey v. Dushney**

C.P. of Lackawanna County, no. 99-CV-159.

*Richard F. Goldenziel,* for plaintiff.
*David C. Ray,* for defendants Dushney.
*Philip D. Priore,* and *Michelle N. Rossi,* for defendant Elegant Moments.
*Thomas R. Daniels,* for defendant Mesko Glass.
*Anthony J. Piazza Jr.,* for defendant Frantz.

MINORA, *J.,* March 7, 2000—

## I. INTRODUCTION

The current matter before this court is the preliminary objections of the additional defendant, Elegant Moments Inc., to the joinder complaint of defendants, Edna and Ron Dushney.

This action began with the filing of a writ of summons on January 12, 1999. On April 23, 1999, a formal complaint was filed by the plaintiff, Colleen Casey, alleging damages for an injury that occurred on July 11, 1997 at premises owned by the Dushneys but leased to EMI.

Plaintiff alleges that while working at the subject premises as an employee of EMI, she put her foot on the

glass panel of an exit door for the purpose of tapping to get someone's attention. Upon lightly tapping the glass, it broke in "big sheers of glass like swords," resulting in the injuries alleged in the complaint.

On May 20, 1999, the Dushneys filed a joinder complaint directed to EMI seeking indemnification and/or contribution for the injuries claimed by the plaintiff.

On June 7, 1999, EMI filed preliminary objections to Dushneys' joinder complaint, alleging a lack of a written contract between the Dushneys and EMI for indemnity and/or contribution, and further alleging immunity from joinder under the exclusivity provision of the Workers' Compensation Act, 77 P.S. §481(b). EMI also filed a memorandum of law in support of its preliminary objections on June 7, 1999.

On June 18, 1999, the Dushneys filed a response to EMI's preliminary objections, along with a memorandum of law. The Dushneys also filed a lease agreement as an exhibit to their response, containing the subject indemnity and/or contribution clause we will hereinafter address. The court entertained oral argument on February 2, 2000 and also entertained EMI's reply memorandum submitted on that same day. The matter is now ready for disposition.

## II. ISSUE(S) PRESENTED

Is the original defendants Dushneys' joinder complaint against the plaintiff's employer and additional defendant, EMI, barred by the exclusivity provisions of the Pennsylvania Workers' Compensation Act, 77 P.S. §481(b)?

## III. THE STANDARDS FOR PRELIMINARY OBJECTIONS IN THE NATURE OF A DEMURRER

In considering preliminary objections in the nature of a demurrer under Pa.R.C.P. 1028(a)(4), we must consider as true all well-pleaded facts of the joinder complaint at issue and all reasonable inferences that may be drawn from those facts, *Bower v. Bower,* 531 Pa. 54, 611 A.2d 181 (1992), and if we are to dismiss a claim on preliminary objections, we must do so only in cases that are clear and free from doubt. *Bower, supra; Ambrose v. Cross Creek Condominiums,* 412 Pa. Super. 1, 602 A.2d 864 (1992). See also, *Denton v. Silver Stream Nursing & Rehabilitation Center,* 739 A.2d 571 (Pa. Super. 1999); *Pennsylvania Pharmacists Association v. Commonwealth, Department of Public Welfare,* 733 A.2d 666 (Pa. Commw. 1999).

Furthermore, if an amendment such as attaching a required lease agreement as an exhibit will cure any legal insufficiencies of a complaint, we should allow such amendment rather than order an outright dismissal of a complaint. See 5 Standard Pennsylvania Practice 2d §25.66; *Maddox v. Commonwealth, Department of Agriculture, Bureau of Animal Industry,* 35 Pa. Commw. 386, 386 A.2d 620 (1978); *Otto v. American Mutual Insurance Co.,* 482 Pa. 202, 393 A.2d 450 (1978). Further, if issues of fact are raised by preliminary objections, the court has the right to receive evidence by depositions or otherwise, such as looking at the lease agreement at issue. See Pa.R.C.P. 1028(c)(2); *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 650 A.2d 895 (1994).

With these principles in mind, we will consider EMI's workers' compensation exclusivity defense in conjunction with the lease agreement proffered by the Dushneys.

## IV. THE EXCLUSIVITY DEFENSE
## OF THE PENNSYLVANIA WORKERS'
## COMPENSATION ACT

Exhibit "A" attached to defendants Dushneys' response to additional defendant's preliminary objections to joinder complaint and memorandum in support thereof, is a lease agreement between the parties dated May 1, 1994 and an addendum dated May 1, 1994.

The indemnity clause at issue is in paragraph 26 of said addendum and states in pertinent part:

"(26) Tenant will indemnify landlord and save it harmless from and against any and all claims, actions, damages, liability and expenses in connection with loss of life, personal injury or damage to property occurring in or about, or arising out of the demised premises and access road and other like areas used exclusively by tenant or occasioned wholly or in part by any act or omission of tenant, its agents, contractors, customers, employees, subtenants and concessionaires."

The relevant portion of the Workers' Compensation Act states:

"(b) In the event injury or death to an employee is caused by a third party, then such employee, his legal representative, husband or wife, parents, dependents, next of kin and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employees, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, *unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered*

*into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."* 77 P.S. §481(b). (emphasis added)

There is no question that the indemnity clause at issue existed on May 1, 1994, over three years prior to the date of injury of July 11, 1997. Therefore, we must examine whether the indemnity clause at issue is specific enough to meet the "expressly provided for" portion of 77 P.S. §481(b).

Under 77 P.S. §481(b), a third party may not seek contribution or indemnity from an injured party's employer absent an express provision for indemnity in a written contract. *Bester v. Essex Crane Rental Corp.,* 422 Pa. Super. 178, 619 A.2d 304 (1993), *appeal denied,* 539 Pa. 641, 651 A.2d 530 (1994).

Our Pennsylvania Supreme Court has not yet examined the degree of specificity required in an indemnification agreement in order for an employer to waive immunity under 77 P.S. §481(b).

Our Superior Court has held that for an employer to waive workers' compensation immunity, the parties must specifically utilize language which indicates that the employer/alleged indemnitor intends to indemnify the third party against claims by employees of the alleged indemnitor, and that this must clearly appear from the terms of the agreement. *Snare v. Ebensburg Power Co.,* 431 Pa. Super. 515, 637 A.2d 296 (1993), *appeal denied,* 538 Pa. 627, 646 A.2d 1181 (1994).

While the employer need not expressly waive workers' compensation immunity, the intent to indemnify against claims by employees of the alleged indemnitor must clearly appear from the terms of the agreement. *Bester,* 422 Pa. Super. at 185, 619 A.2d at 307. General indemnity language is insufficient. *Id.*

Our Superior Court in *Hackman v. Moyer Packing,* 423 Pa. Super. 378, 621 A.2d 166 (1993) upheld an indemnity clause which stated:

"Currie (tenant/employer) agrees to indemnify, save and hold harmless Moyer Packing Company, (landlord), its subsidiaries, affiliates, their directors, officers, agents, workmen, servants or employees, against any and all claim or claims brought by the agents, workmen, servants or employees of Currie (tenant/employer) for any alleged negligence or condition, caused or created [in] whole or in part, by Moyer Packing Company (landlord)." *Hackman,* 423 Pa. Super. at 382, 621 A.2d at 168.

Therefore, in the *Hackman* case, the degree of specificity was met because the indemnity clause clearly indicated that the tenant/employer could indemnify landlord for injuries occurring to tenant's employees.

In the case before us now, the indemnity clause is a general indemnity clause and does not specifically discuss injuries to the tenant's employees as required by the *Hackman* case. See *Hackman,* 423 Pa. Super. at 382-83, 621 A.2d at 168-69.

Thus, the indemnity language at issue before us is exactly the kind of general indemnity language ruled insufficient in *Bester v. Essex Crane Rental Corp.,* 422 Pa. Super. 178, 184, 619 A.2d 304, 307 (1993). The intent to indemnify against claims by employees of the alleged indemnitor must clearly appear from the terms of the agreement. *Remus v. Duquesne Light Co.,* 371 Pa. Super. 183, 537 A.2d 881 (1988).

Even if we were to allow the defendants Dushneys to file an amended complaint attaching the subject lease agreement and indemnity clause at issue, said indemnity clause does not meet the requirements necessary to over-

come the workers' compensation immunity afforded by 77 P.S. §481(b).

Therefore, we must sustain additional defendant's preliminary objections in the nature of a demurrer.

An appropriate order will follow.

## ORDER

And now, to wit, March 7, 2000, upon consideration of the preliminary objections in the nature of a demurrer of additional defendant, Elegant Moments Inc., to the joinder complaint of the defendants, Edna Dushney and Ron Dushney, and after consideration of the written and verbal arguments of counsel and in accordance with the foregoing memorandum, it is hereby ordered and decreed that additional defendant's, Elegant Moments Inc.'s, preliminary objections in the nature of a demurrer to defendants', Edna Dushney and Ron Dushney, joinder complaint are sustained.

It is further ordered and decreed that defendants', Edna Dushney and Ron Dushney, joinder complaint against additional defendant, Elegant Moments Inc., is dismissed with prejudice.