John C. CLARK, Pamela Clark, his wife, Plaintiffs,

v.

WILLAMETTE INDUSTRIES, INC., Defendant.

WILLAMETTE INDUSTRIES, INC., Third–Party Plaintiff,

v.

SOUTHERN INDUSTRIAL CONSTRUCTORS, Third–Party Defendant.

Civil Action No. 94–188E.

United States District Court, W.D. Pennsylvania.

March 12, 1996.

---

Charles P. Falk, Gilbert S. Solomon & Associates, Pittsburgh, PA, for Plaintiffs.

Wallace J. Knox, Knox, McLaughlin, Gornall & Sennett, Erie, PA, for Defendant and Third Party Plaintiff.

James A. Baxley, Michael E. Flaherty, Flaherty & Associates, Pittsburgh, PA, for Third Party Defendant.

## OPINION

COHILL, District Judge.

This is a negligence action brought by the plaintiffs John C. Clark and Pamela Clark, his wife, against Willamette Industries, Inc. ("Willamette"). The Clarks' complaint was filed in the Court of Common Pleas of Elk County, Pennsylvania, and was removed to this Court. Willamette subsequently impleaded, as third-party defendant, Southern Industrial Constructors, Inc. ("Southern").

### I. Background

On July 12, 1991, Willamette and Southern entered into a contract whereby Southern agreed to perform construction work at Willamette's paper mill in Johnsonburg, Pennsylvania. On June 8, 1993, Mr. Clark was injured while working at this facility as a pipe fitter for Southern. As a result of this accident Mr. Clark has collected nearly $99,-000 in worker's compensation from Southern's insurance company, Argonaut Insurance Company. In addition to his worker's compensation claim, Mr. Clark filed a negligence action against Willamette. Ms. Clark joined in this complaint alleging a loss of consortium.

Willamette impleaded Southern, asserting that pursuant to paragraph F of the aforementioned contract, Southern was required to indemnify Willamette for any liability it has to the Clarks. Paragraph F reads as follows:

*Hold Harmless Clause*

The Contractor agrees to hold and save harmless the Owners, Willamette Industries, Inc., from any or all loss, costs of damage as a result of bodily injury liability or property damage liability which may arise out of or in connection with this contract with the exception of such loss or costs resulting from sole negligence of the Owner.

*3d Party Def.'s Br.* at Ex. C.

Pending before this Court is Southern's Motion for Summary Judgment. It argues that the Hold Harmless Clause does not require indemnification for cases arising under Pennsylvania's Workmen's Compensation Act. 77 Pa.Stat.Ann. § 1 *et seq.* ("Act"). Willamette argues that this clause acts as a waiver of Southern's statutory immunity. The Clarks have filed a one page memorandum stating that they agree with the legal positions asserted in Southern's brief.

Also pending are two Motions to Compel Discovery filed by the Clarks.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Motion for Summary Judgment

Summary Judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Act provides that the liability imposed thereunder is "exclusive and in place of any and all other liabilities to" an employee and his or her spouse. 77 Pa.Stat.Ann. § 481(a). Not only does that Act provide an employer with immunity from suit for accidents within the scope of employment, it also bars an employer from being joined in a suit against a third party arising from such an accident. *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 465 A.2d 609, 610 (1983). The purpose of such a bar is to avoid a situation where the employer would become doubly liable for the same accident. *Kennedy v. Shuwa Invs.*, 825 F.Supp. 712, 713 (E.D.Pa.1993).

An employer can waive this immunity if it expressly accepts liability for injuries in the workplace in a written contract. 77 Pa. Stat.Ann. § 481(b). Willamette argues that by including the Hold Harmless Clause in the aforementioned contract, Southern has done precisely that. Southern disagrees.

Both parties point to *Bester v. Essex Crane Rental Corp.*, 422 Pa.Super. 178, 619 A.2d 304 (1993), *appeal denied*, 539 Pa. 641, 651 A.2d 530 (1994), as being the leading case in Pennsylvania regarding what type of contractual language will constitute a waiver of the immunity granted by the Act. In *Bester*, the clause which purportedly waived the immunity provided by the Act read as follows:

The Lessee [Russell] shall defend, indemnify and hold forever harmless Lessor [Essex] against all loss, negligence, damage, expense, penalty, legal fees and costs, arising from any action on account of personal injury or damage to property occasioned by the operation, maintenance, handling, storage, erection, dismantling or transportation of any Equipment while in your possession. Lessor shall not be liable in any event for any loss, delay or damage of any kind of character resulting from defects in or inefficiency from defects in or inefficiency of the Equipment hereby leased or accidental breakage thereof....

*Bester*, 619 A.2d at 306.

The court held that this clause did not waive the immunity provided by the Act. It reasoned that "the indemnity provision in the Workmen's Compensation Act must be construed strictly, and general indemnity language such as 'any or all' or 'any nature whatsoever' is insufficient." *Id.* at 307. It concluded that for an employer to waive its immunity granted by the act the contract language "must specifically use language which demonstrates that a named employer agrees to indemnify a named third party from liability for acts of that third party's own negligence *which result in harm to the employees of the named employer.*" *Id.* at 308–09 (emphasis added).

In the instant case the clause does specifically state that a named employer, Southern, will indemnify a named third party, Willamette; however, this is not enough. Pursuant to *Bester*, the contract language must also specifically state that indemnification will occur when harm results to an employer's employees. *Accord Kennedy*, 825 F.Supp. at 713–14 (interpreting *Bester* to require that the indemnification clause specifically mention an employer's employees before statutory immunity has been waived). The instant provision offers nothing more than the general language frowned upon in *Bester*. No language exists which specifically states that indemnification will occur for harm resulting to Southern's own employees. Accordingly, we hold that the Hold Harmless Clause does not constitute a waiver of the immunity afforded by the Act.

Willamette attempts to distinguish *Bester* from the instant case by arguing that the part of the Hold Harmless Clause which reads "all loss ... which may arise out of, or in connection with this contract" encompasses "*any* negligence on the part of Willamette in a claim by Southern ... employees." *3d Party Pl.'s Br.* at 8 (emphasis added). Wil-

lamette's argument fails because the Southern's employees are not specifically named in the clause. Indeed, even in Willamette's own words, general language is used. This will not suffice.

In a final attempt at avoiding summary judgment, Willamette attempts to show that material facts are in dispute. First, in its Response, though not in its Brief, it alleges that the Hold Harmless Clause was specifically negotiated, which conflicts with Southern's assertion that the clause contained standard contractual language. Significantly, neither party shows how this fact is relevant to the analysis set forth in *Bester*. Indeed, whether the language in the clause was specifically negotiated or not has no bearing on whether this language specifically states that the employer is willing to indemnify another party for injuries to its own employees.

Next, Willamette asserts that "Southern's role and their degree of negligence in regard to the plaintiff's injuries are genuine issues of material fact." *3d Party Pl.'s Br.* at 9. These issues may be in dispute, but they simply have no relevance to whether Southern intended to waive its statutory immunity relative to injuries suffered by its employees in the workplace.

### III. Discovery Motions

The Clarks have filed two Motions to Compel, one with respect to documents in Southern's possession and the other with respect to documents in Willamette's possession. We will first address the former motion.

### (A)

Plaintiffs served a Request for Production of Documents on Southern on September 12, 1994. On August 24, 1995, Southern had still not produced the documents at issue, and as such the Clarks filed a Motion to Compel. On September 7, 1995, Southern responded that it would willingly turn over the requested documents within two weeks. As more than two weeks have passed since Southern's response, we assume this motion is moot and as such will deny it. Should this assumption be incorrect, plaintiffs may file another such motion and also request sanctions.

### (B)

On September 14, 1993, the Clarks served Willamette with their First Request for Production of Documents. On January 27, 1994, Willamette served answers to this request. Willamette subsequently provided two supplemental responses to the Clarks' request. On May 3, 1994, the Clarks served their Second Request for Production of Documents on Willamette. Willamette served its response on the Clarks on June 20, 1994.

Subsequently the Clarks deposed two Willamette employees, Richard Slayter and Donald Neilson. During their testimony they referred to various company documents that the Clarks had not received pursuant to their earlier requests for production of documents. Accordingly, in a letter dated April 19, 1995, the Clarks requested that Willamette provide them with copies of the "general lockout, draining and tagging procedures maintained by Willamette's *operations* department, the June 8, 1993 lockout sheet, identification or [sic] other person or persons involved in locking out Willamette's equipment on June 8, 1993 and digital control system records for June 7 through June 9, 1993." *Pl.'s Mot. Dated Aug. 24, 1995 (Doc. 11)* ¶ 6 (emphasis added).

Depositions of Willamette employee William Shuey and Southern employee Tonnie Thompson were taken on June 14, 1995. By letter dated June 19, 1995, the Clarks reiterated their earlier request and additionally requested other documents pursuant to the depositions taken on June 14, 1995.

By letter dated August 17, 1995, Willamette responded to the Clarks' letter. The substance of this response was that many of the documents were either not available or did not exist. The Clarks subsequently filed the instant motion. Willamette filed its response to the Motion to Compel, which refers us to their letter dated August 17, 1995.

The Clarks filed a reply, and argued that Willamette's response was inadequate. They point out that the documents that they are requesting were referred to in depositions by one or more of three Willamette employees

and/or a Southern employee. It asserts that the letter which denies the existence of the documents at issue relies on a *former* Willamette employee who is not connected with the operations or power group at Willamette. It notes that this letter, which does not rely on sworn testimony, directly contradicts deposition testimony, which is sworn.

To the extent these documents exist, we agree with the Clarks that they must be produced. However, it is of little use for this Court to order the production of documents which do not exist. Thus, to the extent that all or some of the documents referred to in the Clarks' Motion to Compel exist, we will order their production. To the extent that all or some of these documents do not exist, we shall order Willamette to present sworn testimony, in the form of affidavits or depositions, by personnel with the appropriate responsibility and knowledge of the appropriate groups or departments at Willamette, to this effect.

Lastly, the Clarks request that this Court order Willamette to respond within twenty days of this Order, and further request that discovery be extended to a date sixty days after Willamette has served its response. They request this additional discovery time so that any discovery arising from Willamette's response can be completed. Willamette states that it does not object to an additional sixty days of discovery. We will grant the Clarks' request.

### ORDER

AND NOW, to-wit, this 12th day of March, 1996, it is hereby ORDERED, ADJUDGED, and DECREED that:

(1) The third-party's defendant's Motion for Summary Judgment (Doc. 18) is granted.

(2) The plaintiff's Motion to Compel (Doc. 10) is denied as moot.

(3) The plaintiff's Motion to Compel (Doc. 11) is granted. To the extent that all or some of the documents referred to in the Clarks' Motion to Compel exist, Willamette shall produce them; to the extent that all or some of the these documents do not exist, Willamette shall present sworn testimony, in the form of affidavits or depositions, by per-

sonnel with the appropriate responsibility and knowledge of the appropriate groups or departments at Willamette, to this effect.