637 A.2d 296

### Wayne SNARE

v.

### EBENSBURG POWER COMPANY and UE & C Catalytic

v.

### UNITED ENGINEERS & CONSTRUCTORS, INC.

v.

### SAUER, INC.

### Appeal of UE & C CATALYTIC and United Engineers & Constructors, Inc.

Superior Court of Pennsylvania.

Argued Oct. 19, 1993.

Filed Dec. 20, 1993.

Reargument Denied Feb. 23, 1994.

516

Michael Yablonski, Pittsburgh, for appellant.

Michael F. Nerone, Pittsburgh, for Sauer, Inc., appellee.

Before CIRILLO, FORD ELLIOTT and CERCONE, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Blair County sustaining the preliminary objections in the nature of a demurrer filed by additional defendant Sauer, Inc. (Sauer) and dismissing the third party complaint filed by United Engineers & Constructors, Inc. (United) and UE & C Catalytic (Catalytic). We affirm.

United and Catalytic contend that Sauer's preliminary objections were improperly granted and present one issue for our review:

Whether the Workers' Compensation Act, 77 P.S. § 1 *et seq.*, bars appellants' claim for contractual indemnity against an indemnitor/employer whose negligence allegedly caused or contributed to personal injuries by its employer?

Plaintiff, Wayne Snare, filed a complaint against Ebensburg Power Company (Ebensburg) and Catalytic. Snare alleged that on May 29, 1990, he was injured during the course of his employment as a pipefitter for Sauer at the Ebensburg Power Company in Ebensburg, Pennsylvania. At that time, Sauer was engaged as a subcontractor on a power plant construction project for which Ebensburg was the owner and Catalytic was the general contractor. Snare, while operating a crane on a turbine floor, averred that he fell into a hole two feet deep and two feet wide and that Ebensburg and Catalytic were negligent in failing to provide a safe worksite.

On August 5, 1992, Ebensburg filed a third party complaint against United on the basis of an indemnity contract with United. On October 30, 1992, Catalytic and United filed a third party complaint against subcontractor Sauer. In the complaint, Catalytic and United alleged that they were sister corporations and were seeking indemnification or contribution in the event that they would be found liable to plaintiff; this allegation was based on the indemnity provisions in the written subcontract between United and Sauer. United and Catalytic denied any negligence and averred that if Snare was injured as he had alleged, then his injuries were caused by Sauer's negligence and the contract between United and

Sauer, requires Sauer, as subcontractor, to indemnify United and Catalytic for personal injuries caused by its negligence. It is the dismissal of this latter third party action that is the subject of this appeal.

Sauer filed preliminary objections to the third party complaint filed by Catalytic and United, alleging that the complaint should be dismissed under section 481 of the Workers' Compensation Act (the Act), 77 P.S. § 481. Sauer averred that in order to hold an employer (Sauer) liable to a third party (United and Catalytic) for negligence committed by an employee (here, subcontractor United and Catalytic) of that employer (Sauer), the employer, pursuant to section 481(b) of the Act, must expressly agree to assume liability in a written contract. In other words, the Act does not bar an action by a third party (i.e., United and Catalytic) against the employer (Sauer), if the employer has complied with the provisions in section 481(b).

The trial court, based upon the relevant law and the applicable provision in the contract between United and Sauer, found that Sauer, the employer, had not expressly agreed to assume liability for a third party's negligence. The court granted Sauer's preliminary objections and dismissed the complaint, prompting this appeal by United and Catalytic.[1]

In reviewing preliminary objections, only facts that are well pleaded, material, and relevant will be considered as true, together with such reasonable inferences that may be drawn from those facts; preliminary objections will be sustained only if they are clear and free from doubt. *Santiago v. Pennsylvania National Mutual Casualty Insurance Co.*, 418 Pa.Super. 178, 183, 613 A.2d 1235, 1238 (1992). Preliminary objections should be sustained only where it appears with certainty that, upon the facts averred, the law will not allow the plaintiff to recover. *International Union of Operating Engineers, Local No. 66, AFL–CIO v. Linesville Construction Co.*, 457 Pa. 220, 322 A.2d 353 (1974).

1. Sauer filed a motion to quash this appeal, which was denied.

Under the Pennsylvania system of fact pleading, the pleader must define the issues; every act or performance essential to that end must be set forth in the complaint. *See* Pa. R.C.P. 1019; 4 Standard Pennsylvania Practice § 21:32; *see also Pike County Hotels Corporation v. Kiefer*, 262 Pa.Super. 126, 396 A.2d 677 (1978) (at a minimum, the pleader must set forth facts upon which his cause of action is based). When ruling on preliminary objections, a court must generally accept as true all well and clearly pleaded facts, but not the pleader's conclusions or averments of law. *See* 5 Standard Pennsylvania Practice § 25:8. *See also Keirs v. Weber National Stores, Inc.*, 352 Pa.Super. 111, 507 A.2d 406 (1986).

*Santiago*, 418 Pa.Super. at 185, 613 A.2d at 1238–39.

■ The Workers' Compensation Act (the Act) is the sole and exclusive means of recovery against employers for all injuries arising out of accidents occurring within the course of employment. 77 P.S. § 481(a). The exclusivity provision of the Workers' Compensation Act essentially "bars tort actions flowing from any work-related injury." *Kline v. Arden H. Verner Co.*, 503 Pa. 251, 256, 469 A.2d 158, 160 (1983). An employer may, however, consistent with the indemnification provision in the Act, 77 P.S. § 481(b), enter into an indemnity contract with a third party; the employer, then, may expressly assume liability for the negligence of a third party which results in injury to the employer's employee.

The relevant portion of the Act provides:

In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written

contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action. 77 P.S. § 481(b) (emphasis added).

Though specifically provided for in the statute, indemnification contracts in this context are not favored in the law and every intendment must be construed against the party seeking protection from liability or indemnification from the employer. *See Pittsburgh Steel Co. v. Patterson–Emerson–Comstock, Inc.,* 404 Pa. 53, 171 A.2d 185 (1961); *Gerard v. Penn Valley Constructors, Inc.,* 343 Pa.Super. 425, 495 A.2d 210 (1985); *see generally* Standard Pennsylvania Practice § 167:297. The language in such contracts must be clear and unequivocal; the parties to the contract must specifically provide that a named employer agrees to indemnify a named third party from liability for the acts of that party's negligence which cause harm to the named employer's employees. *Bester v. Essex Crane Rental Corp.,* 422 Pa.Super. 178, 619 A.2d 304 (1993). Furthermore, the burden of proving the applicability of an indemnification provision is on the party seeking relief from liability, and the burden increases if the party seeking such relief has drafted the agreement. *Donaldson v. Commonwealth, Department of Transportation,* 141 Pa.Commw. 474, 596 A.2d 269 (1991).

The contractual language to which United refers is found in a document marked with United's logo, entitled "Subcontractor's Release and Certificate." The relevant provision reads:

5. [Subcontractor/Sauer] Agrees to indemnify and hold harmless the Owner [Ebensburg Power Company] and Contractor [United] their successors and assigns, from and against any and all claims, demands, suits, actions, losses, liens, damages, or expenses and attorneys' fees, however caused, resulting from, arising out of or in any way connected with the Contract....

Relying upon this contractual language and this court's decision in *Remas v. Duquesne Light Co. v. Gregg Security Services, Inc.,* 371 Pa.Super. 183, 537 A.2d 881, *appeal denied,*

520 Pa. 598, 552 A.2d 252 (1988), the trial court determined that the law would not allow United and Catalytic to recover. In *Remas,* this court held that contractual language, similar to that at issue here, did not amount to an express agreement by the employer (Gregg) to indemnify the contractor (Duquesne Light). The language in *Remas* provided:

> INDEMNIFICATION—To hold harmless and indemnify the Company [original defendant] from and against any liability, loss, damages, cost and expense which the Company may suffer from any claim, demand, action, suit or cause of action which may be made or had against the Company by reason of any act committed by the Contractor [additional defendant], its agents, servants or employees other than an act performed by the Contractor, its agents, servants or employees at the specific instruction of the Company.

*Id.,* 371 Pa.Super. at 186, 537 A.2d at 882. From this language the *Remas* court determined that the employer did not expressly assume an indemnity obligation for injury to its *own employees.* After a careful scrutiny and a strict construction of the language, the court found that the absence of an express statement that the employer agreed to waive its statutory protection and assume unlimited liability for damages suffered by its own employees resulted in a finding that the employer had not intended to forego statutory immunity. Thus, the complaint against the employer, Gregg, was dismissed.

The language in *Remas* and the language disputed here does not rise to the level of specificity required to provide a third party with indemnification protection by the employer. Blanket indemnity clauses will not create liability. The parties must specifically utilize language which indicates that the employer/alleged indemnitor intends to indemnify the third party against claims by employees of the alleged indemnitor; this must clearly appear from the terms of the agreement.

This principle was recently illustrated in this court's en banc decision in *Bester, supra.* There, the court reaffirmed "strict scrutiny" and "strict construction" as interpretation guides, and required that "such a clause contain plain language which would avoid the employer's protection from double responsibil-

ity which is afforded by the Work[er]'s Compensation Act." *Bester*, 422 Pa.Super. at 187, 619 A.2d at 308.

Finding no explicit expression of Sauer's intent to waive its protection under the Workers' Compensation Act, 77 P.S. § 481(b), we conclude that the law provides that United is unable to recover. *Bester, supra.* The order granting Sauer's preliminary objections and dismissing the third party complaint is, therefore, affirmed.

Order affirmed.