**Pringle v. Keymall, Inc.**

98

C.P. of Luzerne County, No. 7232-08.

*Thomas M. Holmes,* for plaintiff.
*Joseph A. Murphy,* for defendant.

*Thomas E. Brenner,* for additional defendant.

NEALON, *J.,* February 3, 2011—Additional defendant Friendship House ("Friendship House") has filed a motion for summary judgment with regard to the contractual indemnification claim which has been asserted against it by defendant Keymall, Incorporated ("Keymall"). The facts which are relevant to Friendship House's motion for summary judgment are not in dispute. Plaintiff Kenneth J. Pringle ("Pringle") contends that on May 7, 2002, he slipped and fell on an accumulation of water while descending a staircase at the Gordon Building, 431-433 Lackawanna Avenue, Scranton, during the course of his employment with Friendship House. At the time of Pringle's fall, Friendship House leased the second floor of the Gordon Building from the owner/lessor, Keymall. (Keymall's complaint against additional defendant, ¶¶1-4).

On February 24, 2004, Pringle filed suit against Keymall only, and on April 13, 2004, Keymall joined Friendship House as an additional defendant. In its additional defendant complaint, Keymall avers that "the Friendship House is required to contractually indemnify Keymall, Inc. for any and all sums of money that may be required to be paid to the plaintiff by Keymall, Inc. and which liability is specifically denied." (*Id.,* ¶6).

Keymall's prayer for relief demands judgment against Friendship House for contractual indemnity and seeks declaratory relief pursuant to Pa. R.C.P. 1602 "that the Friendship House is required to contractually indemnify Keymall, Inc. pursuant to §12.05 of the lease agreement." (*Id.,* p. 2). Section 12.05 of the Keymall-Friendship House lease is entitled "indemnity" and states, in pertinent part,

that:

> Tenant hereby indemnifies and agrees to save harmless Landlord from and against any and all third party claims, suits, proceedings, actions, responsibilities, liabilities, demands, judgments and executions which arise from or are in connection with the tenant's possession, use, occupancy or control of the demised premises or any portion thereof. Tenant shall defend any claims against landlord with respect to the foregoing. Tenant shall pay, satisfy and discharge any judgment, orders and decrees which may be recovered against landlord in connection with the foregoing. This obligation shall include reasonable legal fees and all other reasonable costs and expenses from the notice that any claim or demand has been made.

(*Id.*, Exhibit A. p. 9).

On October 6, 2010, Friendship House filed a motion for summary judgment seeking the dismissal of Keymall's additional defendant complaint on two bases. First, Friendship House argues that it had no responsibility for the site of the accident since Pringle's fall "took place in a stairwell running from the ground floor of the building up to the second floor of the building" which "is not part of the 'demised premises'" that it leased from Keymall. (Friendship House's Motion for Summary Judgment, ¶12). Second, Friendship House asserts that "an indemnity agreement will not cover losses due to the indemnitee's own negligence unless such an intent is expressed in clear and unequivocal language." (*Id.*, ¶19). According to Friendship House, "[t]he indemnification provision of the lease does not contain any language

extending any indemnification provision to claims involving the negligence of Keymall," which wording is allegedly necessary to support Keymall's contractual indemnification claim. (*Id.* ¶¶ 18,20).

Keymall maintains that the deposition testimony of Friendship House's own representatives confirms that Friendship House's employees performed maintenance on the steps in question both before and after Pringle's fall. (Keymall's answer to motion for summary judgment, ¶¶7,12-14,21). Keymall submits that the parties' course of conduct raises genuine issues of material fact as to whether the stairwell at issue was deemed to be part of the "demised premises" that were leased by Friendship House. (*Id.*, ¶¶13-14). Additionally, Keymall posits that the language of §12.05 of the lease is sufficient to require indemnification by Friendship House inasmuch as "the sole basis for the joinder of the Friendship House was for contractual indemnity," not due to negligence on the part of Friendship House. (*Id.*, ¶20). Following the completion of oral argument on February 1, 2011, Friendship House's motion for summary judgment was submitted for a decision.

Summary judgment is appropriate only where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Barnish v. KWI Bldg., Co.,* 602 Pa. 402, 420, 980 A.2d 535, 546 (2009). The moving party bears the burden of proving the absence of a genuine issue of fact and its entitlement to judgment as a matter of law. *Stimmler v. Chestnut Hill Hospital,* 602 Pa. 539, 554, 981 A.2d 145, 154 (2009). When considering a

motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Chepkevich v. Hidden Valley Resort, L.P.,* 2 A.3d 1174,1175 n. 1 (Pa. 2010); *Abrams v. Pneumo Abex Corp.,* 602 Pa. 627, 634-635, 981 A.2d 198, 203 (2009). "If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied." *Mull v. Ickes,* 994 A.2d 1137, 1139-40 (Pa. Super. 2010); *Kurowski v. Burroughs,* 994 A.2d 611, 616 (Pa. Super. 2010).

It is undisputed that Pringle was employed by Friendship House at the time of his alleged fall on May 7, 2002. The Workers' Compensation Act obligates an employer like the Friendship House to provide workers' compensation benefits to an injured employee regardless of the fault of the employer or employee. In exchange for this no-fault system of compensation, employers are vested with immunity from suit by an injured employee who has received workers' compensation benefits. See *Thompson v. WCAB (USF&G Company),* 566 Pa. 420, 432,7 81 A.2d 1146, 1153 (2001); *Rothrock v. Rothrock Motor Sales, Inc.,* 810 A.2d 114, 118 (Pa. Super. 2002), aff'd, 584 Pa. 297, 883 A.2d 511 (2005). Notwithstanding that tort immunity, an employer may enter into an indemnity contract with a third party in which the employer expressly assumes liability for the negligence of a third party that results in injury to the employer's employee. *Morgan v. Harnischfeger Corp.,* 791 A.2d 1273, 1278 (Pa. Cmwlth. 2002); *Snare v. Ebensburg Power Company,* 431 Pa. Super. 515, 520, 637 A.2d 296, 298 (1993). In that

regard, Section 303(b) of the Workers' Compensation Act provides in relevant part:

"In the event injury...to an employee is caused by a third party, then such employee...may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employees, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity...unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

77 P.S.§481(b).

Under this section of the act, a third party may not seek contribution or indemnity from an employer, even though the employer's own negligence may have been the primary cause of the employee's injury, absent an express provision for indemnity in a written contract. *Integrated Project Services v. HMS Interiors, Inc.*, 931 A.2d 724, 737-738 (Pa. Super. 2007); *Bester v. Essex Crane Rental Corp.*, 422 Pa. Super. 178, 183-184, 619 A.2d 304, 306-307 (1993) (en banc), app. denied, 539 Pa. 641, 651 A.2d 530 (1994). Though specifically provided for in section 303(b) of the act, "indemnification contracts in this context are not favored in the law and every intendment must be construed against the party seeking protection from liability or indemnification from the employer." *Morgan*, supra: *Snare*, 431 Pa. Super. at 521, 637 A.2d at 298. For that reason, "an asserted indemnification provision must be carefully scrutinized and strictly construed,"

*Shumosky v. Lutheran Welfare Services of Northeastern PA. Inc.*, 784 A.2d 196, 203 (Pa. Super. 2001), and general indemnity language such as "any or all" or "any nature whatsoever" is insufficient to strip an employer of its statutory immunity from injury claims by employees. *Integrated Project Services*, 931 A.2d at 738; *Bethlehem Steel Corp. v. MATX, Inc.*, 703 A.2d 39, 43 (Pa. Super. 1997); *Parilla v. United States*, 2007 WL 2032903 at * 2 (E.D. Pa. 2007). Rather, "the intent to indemnify against claims by employees of the alleged indemnitor...must clearly appear from the terms of the agreement." *Integrated Project Services*, supra; *Shumosky*, supra: *Bethlehem Steel Corp.*, supra; *Bester*, 422 Pa. Super. at 185, 619 A.2d at 307.

Since language in indemnity contracts "must be clear and unequivocal" in order to waive employer immunity under 77 P.S. §481(b), the parties to the contract must specifically provide that "a named employer agrees to indemnify a named third party from liability for that party's negligence which causes harm to the named employer's employees." *Morgan*, supra; *Snare*, supra. Accord, *Bester*, 422 Pa. Super. at 186, 619 A.2d at 308 (...language which d[oes] not expressly say that employer agreed to forego its statutory protection and to assume unlimited liability for damages arising from harm suffered by its own employees result[s] in a finding of lack of loss of the statutory immunity by employer."). Trial courts "will not materially rewrite the contract of the parties and insert terms which are not there in the absence of an explicit expression to waive the protection afforded by the Work[ers'] Compensation Act." *Integrated Project Services*, supra; *Bester*, 422 Pa. Super. at 185, 619 A.2d

at 307. Moreover, the burden of proving the applicability of an indemnification provision is on the party seeking relief from liability. *Snare*, 431 Pa. Super. at 521, 637 A.2d at 298-299.

The en banc holding in *Bester* is particularly instructive since it addressed an indemnity provision in the context of a lease agreement. Not unlike the case sub judice, the personal injury suit in *Bester* was filed against the lessor by an employee of the lessee, and the lessor sought indemnity from the lessee pursuant to an indemnification clause containing language comparable to the Keymall-Friendship House provision. In affirming the dismissal of the lessor's indemnity claim against the lessee, the Superior Court concluded:

> "We apply today the requirement in the law that in order for an employer to be held liable in indemnification for injuries to its own employees caused by the negligence of the indemnitee there must be an express provision for this contingency in the indemnification clause. The absence of a provision in the hold-harmless clause that lessee would indemnify lessor against the negligence of lessor in a claim by lessee's employee requires the conclusion that the clause does not meet the requirements of the Work[ers'] Compensation Act concerning express waiver, 77 P. S. §481(b).
>
> In order to avoid the ambiguities which grow out of the use of general language, contracting parties must specifically use language which demonstrates that a named employer agrees to indemnify a named third party from liability for acts of that third party's own negligence which result in harm to the employees of the

named employer. Absent this level of specificity in the language employed in the contract of indemnification, the Work[ers'] Compensation Act precludes any liability on the part of the employer."

*Bester*, 422 Pa. Super. at 187, 619 A.2d at 308-309.

The indemnity language of §12.05 of the Keymall-Friendship House lease clearly does not contain the degree of specificity required by *Bester* and its progeny to waive employer immunity for injury claims by Friendship House's employees. Section 12.05 merely references "any and all third party" claims, suits or actions and does not expressly mention claims by Friendship House's employees. Nor does the indemnity clause reference Friendship House's alleged waiver of its tort immunity provided by the Workers' Compensation Act. Instead, §12.05 simply addresses "any and all third party" claims or suits, and such "[g]eneral indemnity language is insufficient to remove the bar to [tort] recovery by the exclusivity provision of the Act." *Shumosky*, supra. Accord, *Parilla*, supra ("The Pennsylvania precedents are quite clear that a general or blanket indemnity or contribution provision in a written contract is not sufficient to remove the immunity protection for an employer.").

Consequently, Section 12.05 of the Keymall-Friendship House lease does not contain the level of specificity necessary for an employer/lessee to indemnify a lessor against an injury claim asserted by an employee of the lessee. As such, §12.05 of the lease cannot serve as the basis for Keymall's contractual indemnification claim against Friendship House. Even when the summary judgment record is viewed in the light most favorable to Keymall,

it is clear and free from doubt that Friendship House is entitled to judgment as a matter of law with respect to Keymall's additional defendant complaint. Accordingly, its motion for summary judgment will be granted.

And now, February 3, 2011, upon consideration of the motion for summary judgment of additional defendant, Friendship House, the exhibits and memoranda of law submitted by the parties and the oral argument of counsel on February 1, 2011, and based upon the reasoning set forth above, it is hereby ordered and decreed that:

1.   The motion for summary judgment of additional defendant, Friendship House, is granted; and

2.   The Clerk of Judicial Records is directed to enter judgment in favor of additional defendant, Friendship House, and against defendant, Keymall Incorporated, with regard to the claims set forth in the additional defendant complaint.