J-A28011-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TONI BRACKEN, ADMINISTRATRIX OF THE ESTATE OF WILLIAM BRACKEN, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BURCHICK CONSTRUCTION COMPANY, INC., PATENT CONSTRUCTION COMPANY AND HARSCO CORPORATION | |
| APPEAL OF BURCHICK CONSTRUCTION COMPANY, INC. | |
| | No. 1432 WDA 2012 |

Appeal from the Judgment Entered September 14, 2012
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): GD-09-015529

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 10, 2014**

Burchick Construction Company, Inc. ("Burchick") appeals from the judgment entered September 14, 2012, in the Court of Common Pleas of Allegheny County.  At issue is whether Kusler Masonry, Inc. ("Kusler") agreed to indemnify Burchick for liability stemming from Burchick's negligence.  If not, we must next decide whether Kusler agreed to indemnify Burchick for liability stemming from Kusler's own negligence.

Burchick was the general contractor for a construction project known as 135 Jamison Lane.  *See* Trial Court Opinion, 6/12/12, at 1.  Burchick

entered into a subcontract with Kusler, wherein Kusler was responsible for the project's associated masonry work. *See id*. at 1. Kusler employed the decedent, William Bracken. *See id*. at 2. Toni Bracken is Mr. Bracken's spouse and administratrix of his estate. *See id*. While performing work on the project, Mr. Bracken was killed in a work site accident. *See id*. As a result, Mrs. Bracken filed a civil action against Burchick seeking damages pursuant to the Pennsylvania Wrongful Death and Survival Acts. *See id*.

Subsequently, Burchick filed a complaint to join Kusler as an additional defendant asserting two causes of action: contractual indemnification and breach of contract. *See* Complaint to Join Additional Defendant Kusler Masonry, Inc., 1/8/10. The only claim at issue in the instant appeal is the contractual indemnification claim. With respect to this claim, Burchick alleged that the underlying liability was caused, in whole or in part, by Kusler's negligent acts or omissions. *See id*. at ¶¶ 17-18, 21.

Kusler filed preliminary objections to the additional defendant complaint, claiming immunity from third party indemnity claims pursuant to the Workers Compensation Act ("the Act"). *See* Kusler's Preliminary Objections, 2/9/10, at ¶¶ 5-10. The trial court sustained Kusler's preliminary objections on July 15, 2010, thus dismissing the additional defendant complaint. *See* Trial Court Order, 7/15/10.

Thereafter, Burchick filed a motion for leave to file an amended complaint to join Kusler based on an alleged materially changed

circumstance in litigation.[1] *See* Motion for Leave to File Amended Complaint to Join Kusler Masonry, Inc., 2/28/12. Burchick again claimed that the terms of the subcontract agreement required Kusler to indemnify Burchick. *See id*. at ¶ 13. Kusler opposed the motion, citing the immunity provided by the Act. *See* Response in Opposition to Defendant's Motion for Leave to File Amended Complaint, 3/5/12. The trial court sided with Kusler and denied the motion. *See* Trial Court Order, 6/13/12.

The matter proceeded to trial in August 2012; however, Burchick and the Brackens settled before a verdict was reached. Burchick filed a motion for post-trial relief asking the trial court to vacate its July 15, 2010, and June 13, 2012, orders so that Burchick could file an amended complaint to join Kusler. *See* Burchick's Motion for Post-Trial Relief, 9/4/14. The trial court denied this request. *See* Trial Court Order, 9/7/12. This timely appeal followed.

Burchick raises the following issue for our review:

Whether the lower court should have granted [Burchick's] request to join the [Appellee's] employer, [Kusler], as an additional defendant in this matter where the subcontractor agreement between [Burchick] and Kusler requires Kusler to indemnify Burchick for claims asserted in the tort action by [Appellee?]

Burchick's Brief at 5.

---

[1] This alleged circumstances involve Kusler's alleged obligation to provide additional insurance to Burchick.

Since this appeal stems from the grant of preliminary objections, we are guided by the following standard:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of [a] claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Floors, Inc. v. Atlig*, 963 A.2d 912, 915 (Pa. Super. 2009) (citation omitted).

The parties' relationship was governed by a subcontract agreement dated June 27, 2007. Relying upon Articles IV and VI of the agreement, Burchick claims that it imposes indemnification liability on Kusler for Burchick's negligence. Alternatively, Burchick suggests Kusler agreed to indemnify Burchick to the extent the instant liability stems from Kusler's own negligence. Before addressing these claims, we must first discuss the Act's immunity provision as well as relevant case law.

The Act requires an employer to purchase workers' compensation insurance in the event of workplace injuries. Participating employers are protected from further liability since the Act makes these insurance benefits the sole and exclusive means of recovery against an employer for workplace injuries. *See* 77 PA.CONS.STAT.ANN. § 481(a). However, the Act allows an

employer to waive this immunity by entering into an indemnity contract with a third party wherein the employer agrees to assume such liability that occurs to the employer's employees. The relevant provision provides:

> In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer…shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 PA. CONS. STAT. ANN. § 481(b) (emphasis added).

The practical effect of this provision is to prevent the involuntary joinder of an employer in an action involving injury or death to its employee unless the employer waives such right by agreeing with a third party to assume indemnity liability via contract. While the Act permits indemnification contracts in this context, these contracts "are not favored in the law and every intendment must be construed against the party seeking protection from liability or indemnification from the employer." ***Snare v. Ebensburg Power Co.***, 637 A.2d 296, 298 (Pa. Super. 1993) (citations omitted). In order to waive immunity provided by the Act, the parties must use clear and unequivocal language providing the employer/indemnitor will indemnify a third party against claims by employees of the indemnitor. ***See id***. (citing ***Bester v. Essex Crane Rental Corp.***, 619 A.2d 304 (Pa. Super.

1993)). Thus, "general indemnity language such as 'any or all' or 'any nature whatsoever' is insufficient." *Bester*, 619 A.2d at 307 (citation omitted). In addition, when faced with a claim that an agreement requires the indemnitor to indemnify and indemnitee for liability arising from the indmenitee's own negligence, such intent must also be evident from the express language of the contract. *See id*. at 308-309 ("[C]ontracting parties must specifically use language which demonstrates that a named employer agrees to indemnify a named third party from liability for acts of that third party's own negligence which result in harm to the employees of the named employer.").

The requirement of clear and unequivocal contractual language to impose indemnification liability based on the negligent acts of an indemnitee is a long-established policy. *See Perry v. Payne*, 66 A. 553 (Pa. 1907); *Ruzzi v. Butler Petroleum Co.,* 588 A.2d 1 (Pa. 1991). It is necessary because "[t]he liability on such indemnity is so hazardous, and the character of the indemnity so unusual and extraordinary, that there can be no presumption that the indemnitor intended to assume the responsibility unless the contract puts it beyond doubt by express stipulation." *Perry*, 66 A. at 557. This policy sometimes requires a reviewing court to disregard the plain meaning of a clause, as discussed by our Court in *Deskiewicz v. Zenith Radio Corp.*:

> A fundamental rule of construction in the law of contracts states that words, phrases and clauses will be given their plain and

ordinary expressed meaning. If this is so, then this particular area of law, indemnification for damages or injuries arising from negligent acts, could be thought of as an exception to the general rule. If literal effect was given to these clauses then indemnification would be enforced. Yet due to policy and practical considerations decisions have been handed down indicating that such generally worded indemnification clauses will not be construed to mean that the indemnitor will indemnify the indemnitee for liability resulting from the indemnitee's own negligence.

561 A.2d 33, 35 (Pa. Super. 1989) (citation omitted).

Lastly, while the case law requires clear an unequivocal language to establish both a waiver of immunity provided by the Act, as well as an intent to indemnify for liability stemming from an indemnitee's negligence, "if the indemnification agreement is clear and includes indemnification in the event of either the indemnitee's or the employer's own negligence, its enforceability does not require that the employer, in addition, expressly and *in haec verba* waive the immunity provided by [the Act]." **Bester**, 619 A.2d at 307 (citation omitted).

With these principles in mind, we turn our attention to the relevant contractual language at issue:

**ARTICLE IV**:    **Subcontractor's Liability**

\*\*\*

c.  If any person (including employees of [Kusler]) suffers injury or death or property is damaged, lost or destroyed as a result, in whole or in part, of negligence (or other act for which there is legal liability) of [Kusler], his employees, agents or lower-tier subcontractors, then [Kusler] shall assume the entire liability therefore, and shall (at [Burchick's] sole option) defend any action, pay all costs including attorney's fees and satisfy any

judgment entered against [Burchick], and further agrees to hold [Burchick] and its agents, servants, employees and sureties harmless therefore. [Kusler's] obligations under this Paragraph shall be in addition to any indemnity liability imposed by the Subcontract, including, without limitation, the Contract Documents.

\*\*\*

e. [Kusler's] assumption of liability is independent from and not limited in any manner by…worker's compensation acts….

\*\*\*

**ARTICLE VI**:     **Indemnification**

a. To the full extent permitted by law, [Kusler] agrees to defend, indemnify and hold harmless [Burchick] and Owner…from and against any and all claims, demands, injuries, fines, penalties, losses, expenses (including attorney's fees), damages and liabilities of every nature (including contractual liability "Losses"), arising from or relating to Work performed by [Kusler] on the Project…whether or not [Burchick] was alleged to be negligent, unless [Burchick] was alleged to be solely negligent. [Kusler's] obligations under this Article shall be in addition to any independent liability imposed by the Contract Documents. Without limitation, this indemnity shall extend to Losses arising from [Kusler's] violations of Laws. [Kusler's] indemnity obligations under this Paragraph shall not be limited by applicable worker's compensation laws, and, with respect to this indemnity, [Kusler] hereby expressly waives all immunities and defenses that it may have under such Laws.

Burchick Construction Company, Inc. Subcontract Agreement, 6/12/07, at 3-

4.

Burchick maintains that, when read together, Articles IV and VI evince

Kusler's intent to indemnify Burchick for injuries incurring to Kusler's

employee's caused by Burchick's negligence. Furthermore, Burchick claims

the following language was sufficient to waive Kusler's employer immunity

under the act:

> (1)    [I]n Article IV, Kusler agreed to assume "the entire liability" and to defend and to hold [Burchick] harmless in any action where a person, "including an employee of [Kusler]," suffers an injury or death as a result, in whole or in part, of Kusler's negligence; and
>
> (2)    in Article VI, Kusler agreed to defend, indemnify and hold harmless [Burchick] from and against any and all claims "arising from or relating to Work performed by [Kusler] on the Project…whether or not [Burchick] was alleged to be negligent."

Burchick's Brief at 11 (emphasis in original).

Burchick also directs our attention to **Hackman v. Moyer Packing**,

where our Court held that the following language sufficiently waived

immunity under the Workers' Compensation Act:

> [Indemnitor]…agrees to indemnify, save and hold harmless [Indemnitee], its subsidiaries, affiliates, their directors, officers, agents, workmen, servants, or employees, against any and all claim or claims brought by the agents, workmen, servants or employees of [Indemnitor] for any alleged negligence or condition, caused or created, [in] whole or in part, by [Indemnitee].

621 A.2d 166, 168 (Pa. Super. 1993). Burchick alleges the language in

Article IV is sufficiently similar to the **Hackman** provision to result in a

waiver of Workers Compensation Act immunity. We disagree.

The **Hackman** provision explicitly provides that "*[Indemnitor] agrees*

*to indemnify…[Indmenitee]*…for any alleged negligence or condition, caused

or created, [in] in whole or in part, by [Indemnitee]." **Id**. (emphasis

- 9 -

added). Such an express assumption of indemnification liability in *Hackman* is absent from the subcontract agreement in the instant case. Within Article IV, there is no specific language stating that Kusler would indemnify Burchick for liabilities arising from Burchick's negligence, *i.e.*, language which explicitly states that Party A agrees to indemnify Party B for injuries caused to Party A's employee by Party B's negligence. Instead, Article IV generally states that Kusler would assume "the entire liability" for as a result of negligence caused "in whole or in part" by Kusler. We are not persuaded that this general language is sufficient to meet the dictates of *Bester*. We turn our attention to Article VI.

The trial court's opinion discussed Article VI in depth, and determined that, when read as a whole, it fails to contain language that specifically states that Kusler agreed to indemnify Burchick from liability for acts of Burchick's own negligence. We see no error in this conclusion. The trial court's analysis focused, in part, on the "whether or not" clause located in Article VI to reach their conclusion that Kusler did not agree to indemnify Burchick for Burchick's own negligence. The trial court stated:

> [W]hile apparently acknowledging that the "whether or not" language is insufficient, [Burchick] argues that this language when considered with "the Indemnification provision of Article VI *as a whole … unequivocally and expressly*" satisfies *Bester's* stringent requirements. [Burchick] thus implicitly argues that, taken as a whole, Article VI "specifically use[s] language which demonstrates" that Kusler has agreed to indemnify [Burchick] "for acts of [Burchick]'s own negligence which result in harm to employees of Kusler."

Yet, apart from the "whether or not" clause (which, we are all agreed, is itself insufficient to do the job), there is nothing in the language of Article VI that addresses the subject of [Burchick]'s own negligence. Article VI simply uses broad, general language of indemnification that the Supreme Court in **Bester** has held to be insufficient. For example, Article VI states that "*to the extent permitted by law*, the subcontractor agrees to defend, indemnify, … from and against *any and all claims*…." In short, even when considered as a whole, Article VI does not explicitly state that Kusler is obligated to indemnify [Burchick] for acts of Burchick's own negligence.

The Pennsylvania Supreme Court reached a similar result in **Greer v. City of Philadelphia**, 795 A.2d 376, 379 (Pa. 2002), where the court also considered "whether or not" language. The contract in **Geer** "provide[d] indemnity from claims for damages 'only to the extent caused in whole or in part by negligent acts or omissions of the [indemnitor]…and regardless of whether or not such claim…is caused in part by [the indemnitees]. The Supreme Court held that this clause did not require the indemnitor to indemnify the indemnitees for the indemnitees own negligence in any amount, not complete indemnity or partial indemnity. The Supreme Court concluded that the "contract simply does not put it beyond doubt by express stipulation that [the indemnitor] intended to indemnify [the indemnitees] for their own negligence.

The **Greer** court further stated: "we read the…part of the provision, which states that the indemnity clause will apply 'regardless of whether or not such claim…is caused in part by a party indemnified hereunder[,]' merely to clarify that any contributory negligence by [the indemnitees] will not bar their indemnification for damages due to [the indemnitor's] negligence."

Trial Court Opinion, 6/12/12, at 6-7 (some internal citations omitted).

The language before the "whether or not" clause in Article VI explicitly states that Kusler will indemnify Burchick for negligence arising from Kusler's work. We do not agree with Burchick that the resulting effect of the "whether or not" clause is to impose indemnification liability on Kusler

- 11 -

for negligence arising from *Burchick's work*. Instead, as in **Greer**, this clause merely clarifies that Kusler will indemnify Burchick for Kusler's negligence, and that any contributory negligence that may be attributed to Burchick will not bar their indemnification for damages arising from Kusler's negligence.[2]

In sum, when read as a whole, Articles IV and VI fail to sufficiently express, by clear and unequivocal language, that Kusler agreed to indemnify Burchick for Burchick's negligent acts. Accordingly, Burchick's first argument fails.

Burchick claims in his second argument that, at a minimum, the aforementioned language requires Kusler to indemnify it to the extent that Kusler was negligent. **See** Burchick's Brief at 12. Before addressing the merits of this claim, we must first discuss Kusler's contention that Burchick waived this argument by failing to raise the issue before the trial court and by failing to preserve the issue in its motion for post-trial relief.

Generally, post-trial relief will not be granted for issues raised in pre-trial proceedings unless the underlying grounds are specifically stated in a post-trial motion. **See** Pa.R.Civ.P. 227.1(b)(1)-(2). During pre-trial

---

[2] The remainder of Article VI does not contain clear and unequivocal contractual language providing for indemnification based on the negligent acts of Burchick. While the final sentence of Article VI can be summarized as an attempt to generally waive all immunities under the Act, such waiver is ineffective since there is a lack of an express assumption of indemnification liability on the part of Kusler for the negligence acts of Burchick.

proceedings, Burchick attempted to join Kusler and an additional defendant on indemnification grounds on two separate occasions: first by an additional defendant complaint and second by a motion for leave to file amended complaint to join Kusler as an additional defendant.

In the initial additional defendant complaint, Burchick specifically sought to join Kusler through a contractual indemnification claim for negligence arising from Kusler's work on the project. *See* Complaint to Join Additional Defendant Kusler Masonry, Inc., 1/8/10, ¶¶ 17-18. Furthermore, Burchick's motion for post-trial relief specifically referenced the additional defendant complaint as the basis for Burchick's indemnification claim. *See* Motion for Post-Trial Relief, 9/4/12, at ¶¶ 3, 6, and 10. Accordingly, we find that Burchick has properly preserved this issue for review and thus proceed to the merits.

In opposition to Burchick's second claim that the subcontract requires Kusler to indemnify Burchick to the extent Kusler is liabile, Kusler contends that allowing such a claim to proceed would ignore the fundamental character of an indemnification claim. *See* Appellee's Brief at 29-31. In support of this assertion, Kusler cites to the Black's Law Dictionary definition of "indemnity," as well as relevant case law setting forth the general nature of a claim of indemnity. We find these propositions unpersuasive since they generally relate to a claim arising out of common law indemnity. Common law indemnity concerns are irrelevant to our determination here since the

parties entered into a written contract of indemnity that specifically sets forth the rights and duties of each party to the contract. ***See Eazor Express, Inc. v. Barkley***, 272 A.2d 893, 895 (Pa. 1971) ("These [common law indemnification] cases, however, are not apposite where, as here, there is a written contract setting forth the rights and duties of the parties. The contract must govern."). Thus, resolution of this issue is determined by the terms of the parties' contract.

In Article IV, the parties agreed that "[i]f any person (including employees of [Kusler]) suffers injury or death…as a result, in whole or in part, of negligence…of [Kusler], his employees, agents or lower-tier subcontractors, then [Kusler] shall assume the entire liability therefore…" Construction Company, Inc. Subcontract Agreement, 6/12/07, at 4. By using this language, Kusler agreed to assume the entire liability for any injury or death incurred to its employees as a result of Kusler's *own* negligence, whether the entire liability can be attributed to Kusler or only a portion thereof. The provision defines the scope of indemnification by requiring Kusler to indemnify Burchick for the entire liability if the underlying liability is at least caused, in part, by Kusler's negligence.

Furthermore, in Article VI, Kusler agreed to indemnify Burchick "against any and all claims…arising from or relating to the Work performed by [Kusler] on the Project…whether or not [Burchick] was alleged to be negligent, unless [Burchick] was alleged to be solely negligent." ***Id***. This

provision further clarifies the scope of the indemnity by providing indemnification for the entire liability, even if Burchick is contributorily negligent but not solely negligent.

Both articles are examples of intermediate form indemnity provisions. **See** Trisha Strode, *From the Bottom of the Food Chain Looking Up: Subcontractors Are Finding That Additional Insured Endorsements Are Giving Them Much More Than They Bargained for*, 23 St. Louis U. Pub. L. Rev. 697, 700 (2004); **see also** Nancy J. White, *Death, Taxes, and .... Insurance: Current Legal Issues Relating to Insurance in the Construction Industry*, 36 Real Est. L.J. 154, 157 (2007). "The intermediate form indemnity requires the indemnitor to save and hold harmless the indemnitee for all liability excluding that which arises out of the indemnitee's sole negligence." Strode *supra*, 23 St. Louis. U. Pub. L. Rev. at 700.

Currently, there is a dearth of Pennsylvania case law regarding the interpretation of intermediate form indemnity provisions. Notwithstanding, intermediate form indemnities are sufficiently similar to the broad form indemnities discussed in **Perry**, **Ruzzi**, and **Bester** that adoption of that analytical framework is proper in this case. This is because intermediate form indemnities present the same concerns as broad form indemnities due to their unique nature and the potentially hazardous consequences of the resulting liability.

For instance, based on the terms of a standard intermediate form indemnity, if an indemnitor were found even one percent negligent, the indemnitor would be liable for the entire amount of liability. Based on this unusual and extraordinary result, we will not assume the indemnitor intended to assume this responsibility unless the express terms of the contract puts it beyond doubt. Therefore, we require contracting parties who desire to clearly and unequivocally provide that (1) the employer/indemnitor waive immunity under the Act by stating that the employer/indemnitor will indemnify a third party against claims by employees of the employer/indemnitor, and (2) the employer/indemnitor agrees to indemnify a third party for liability arising from acts of the employer/indemnitor which result in harm to the employer/indemnitor's employees.

With this standard in mind, we turn to the agreement. With respect to Article IV, we find that its language fails to specifically address indemnity liability. Instead, Article IV uses broad and general terms stating that Kusler would "assume the entire liability and … defend any action, pay all costs … and satisfy any judgment." Burchick Construction Company, Inc. Subcontract Agreement, 6/12/07, at 4. By using such generalized language, we cannot assume the parties intended to enter into an intermediate form indemnity agreement.

On the other hand, Article VI sufficiently waives immunity under the Act by providing for indemnification, and also specifically sets forth the terms of the indemnification. In Article VI, Kusler agreed to indemnify Burchick for claims arising from Kusler's work, so long as Burchick was not solely negligent. Beyond this explicit intent to enter into an intermediate form indemnity, Kusler also explicitly waived the immunities provided by the Act. *See id*. ("[Kusler]'s indemnity obligations under this Paragraph shall not be limited by applicable worker's compensation laws, and, with respect to this indemnity, [Kusler] hereby expressly waives all immunities and defenses it may have under such Laws."). This language is sufficient to establish the parties' intent to enter into an intermediate form indemnity agreement.

Therefore, we find that Kusler agreed to indemnify Burchick for the entire liability if the liability stemmed from Kusler's partial or sole negeligence. Since Burchick's alleged indemnity claim stems from Kusler's alleged sole or partial negligence, Burchick adequately pled this claim. Thus, the trial court erred by dismissing Burchick's additional defendant complaint. Accordingly, we reverse the trial court order dismissing the additional defendant complaint, and remand the matter to the trial court for a determination regarding the extent, if any, of Kusler's negligence for the underlying liability in this matter.

Judgment reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

President Judge Emeritus Ford Elliott joins the memorandum.

Judge Olson files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014