J-A28011-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TONI BRACKEN, ADMINISTRATRIX OF THE ESTATE OF WILLIAM BRACKEN, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BURCHICK CONSTRUCTION COMPANY, INC., PATENT CONSTRUCTION COMPANY AND HARSCO CORPORATION | |
| APPEAL OF: BURCHICK CONSTRUCTION COMPANY, INC. | No. 1432 WDA 2012 |

Appeal from the Judgment Entered September 14, 2012
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-09-015529

BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

DISSENTING MEMORANDUM BY OLSON, J.:     **FILED OCTOBER 10, 2014**

I agree with the Learned Majority that the contract between Burchick Construction Company, Inc. (Burchick) and Kusler Masonry, Inc. (Kusler) does not require Kusler to indemnify Burchick for liability arising from Burchick's negligence. I am compelled to dissent, however, as I cannot agree with the Majority's conclusion that Kusler is obligated to indemnify Burchick for liability stemming from Kusler's own negligence.

The Majority has accurately summarized the factual and procedural history of this case. Hence, I need not repeat that material here. Both the Majority and the parties examine the issues in this case by looking first at whether the indemnification provisions of the parties' agreement require indemnity for Burchick's negligence and then at whether the contract

compels indemnity for Kusler's own negligence. I shall do the same. As I agree with the Majority's first conclusion, I only briefly comment on how my analysis differs from that of the Majority. I devote the lion's share of my discussion to the second issue in this case where my conclusion parts ways from that reached by the Majority.

There is no dispute regarding the principles that govern this appeal. For convenience and ease of reference, I recite them briefly.

> The Workers' Compensation Act (the Act) is the sole and exclusive means of recovery against employers for all injuries arising out of accidents occurring within the course of employment. 77 P.S. § 481(a). The exclusivity provision of the [Act] essentially "bars tort actions flowing from any work-related injury." ***Kline v. Arden H. Verner Co.***, 469 A.2d 158, 160 (Pa. 1983). An employer may, however, consistent with the indemnification provision in the Act, 77 P.S. § 481(b), enter into an indemnity contract with a third party; the employer, then, may expressly assume liability for the negligence of a third party which results in injury to the employer's employee.

> The relevant portion of the Act provides:

> In the event injury or death to an employee is caused by a third party, then such employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, **but the employer, his insurance carrier, their servants and agents, employees, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action**.

77 P.S. § 481(b) (emphasis added).

Though specifically provided for in the statute, indemnification contracts in this context are not favored in the law and every intendment must be construed against the party seeking protection from liability or indemnification from the employer. *See Pittsburgh Steel Co. v. Patterson–Emerson–Comstock, Inc.*, 171 A.2d 185 (Pa. 1961); *Gerard v. Penn Valley Constructors, Inc.*, 495 A.2d 210 (Pa. Super. 1985); *see generally* Standard Pennsylvania Practice § 167:297. The language in such contracts must be clear and unequivocal; the parties to the contract must specifically provide that a named employer agrees to indemnify a named third party from liability for the acts of that party's negligence which cause harm to the named employer's employees. *Bester v. Essex Crane Rental Corp.*, 619 A.2d 304 (Pa. Super. 1993). Furthermore, the burden of proving the applicability of an indemnification provision is on the party seeking relief from liability, and the burden increases if the party seeking such relief has drafted the agreement. *Donaldson v. Commonwealth, Department of Transportation*, 596 A.2d 269 (Pa. Commw. 1991).

*Snare v. Ebensburg Power Co., et al.*, 637 A.2d 296, 298 (Pa. Super. 1993), *appeal denied*, 646 A.2d 1181 (Pa. 1994).

In determining whether the parties' contract requires Kusler to indemnify Burchick for Burchick's negligence, the Majority looks to both Article IV and Article VI of the agreement. *See* Majority Memorandum at 7-12. I disagree with this approach. In my view, Article IV addresses indemnity based upon Kusler's negligence while Article VI governs indemnification predicated upon Burchick's negligence. Article IV bears the heading "Subcontractor's Liability" and states that, "[i]f any person (including employees of [Kusler]) suffers injury or death . . . as a result, in whole or in part, of negligence (or other act for which there is legal liability)

of [Kusler] . . . then [Kusler] shall assume the entire liability therefore[.]" Burchick Construction Company, Inc. Subcontract Agreement, 6/12/07, at 3. In contrast, Article VI carries the heading "Indemnification" and provides, in relevant part, "[Kusler] agrees to defend, indemnify and hold harmless [Burchick] and Owner . . . from and against any and all claims . . . damages and liabilities of every nature (including contractual liability "Losses"), arising from or relating to Work performed by [Kusler] on the Project . . . whether or not [Burchick] was alleged to be negligent, unless [Burchick] was alleged to be solely negligent." *Id.* at 4. In Article IV, Kusler agrees to assume liability if injury or death results, in whole or in part, from its negligence. Under Article VI, however, Kusler agrees to indemnify Burchick against claims, damages, and liabilities arising from Kusler's work on the project, whether or not Burchick is alleged to be negligent, so long as Burchick is not alleged to be solely negligent. Accordingly, the plain language of the parties' contract leads me to conclude that we should look only to Article VI in determining whether Kusler is obligated to indemnify Burchick for Burchick's negligence.

Focusing exclusively upon Article VI, I would conclude that Kusler is not obligated to indemnify Burchick for Burchick's own negligence. Although Article VI employs the term 'indemnify,' Article VI does not expressly provide that Kusler agrees to indemnify Burchick for Burchick's negligence **that causes harm to Kusler's employees**. For this reason alone, I would

conclude that the language of Article VI is not sufficiently clear and unequivocal to meet the requirements of Pennsylvania law.[1] *See Bester*, *supra* (contract must specifically provide that a named employer agrees to indemnify a named third party from liability for the acts of that party's negligence which cause harm to the named employer's employees).

I turn now to Burchick's second claim in which I consider its right to indemnity under Article IV based upon Kusler's negligence. Again, I find that Article IV is the contractual provision applicable to indemnification claims based upon Kusler's negligence. It provides that, "[i]f any person (including employees of [Kusler]) suffers injury or death . . . as a result, in whole or in part, of negligence (or other act for which there is legal liability) of [Kusler] . . . then [Kusler] shall assume the entire liability therefore[.]" Burchick Construction Company, Inc. Subcontract Agreement, 6/12/07, at 3. Here, too, I find the parties' contract to be deficient because Article IV does not expressly state that Kusler will indemnify Burchick for damages sustained by Kusler's employees that result, in whole or in part, from Kusler's negligence.

---

[1] I also agree that, pursuant to *Greer v. City of Philadelphia*, 795 A.2d 376 (Pa. 2002), the "whether or not" clause in Article VI serves merely to clarify that any contributory negligence on the part of Burchick would not bar its indemnification for damages arising from Kusler's work on the project. I find this discussion to be superfluous, however, given the contract's deficiencies under *Bester*.

I reach this conclusion because, in my view, the Act and our interpretive case law require the same clear and unequivocal statement of intent to indemnify regardless of whether the right to indemnity is predicated upon the negligence of the indemnitee (in this case, Burchick) or that of the indemnitor (here, Kusler). In **Bester**, we said that the language in an indemnification contract clearly and unequivocally establishes a right to indemnity where the parties to the contract "specifically provide that a named employer agrees to indemnify a named third party from liability for the acts of that party's negligence which cause harm to the named employer's employees." **See Bester**, 619 A.2d at 309. Admittedly, this formulation does not refer to indemnification of a named third party against liability arising from the indemnitor's negligence that harms the indemnitor's employees. In **Bester**, however, we said that "th[e foregoing] level of specificity in the language employed in [a] contract of indemnification" was necessary to avoid the ambiguities that could arise out of the use of general language and that, in the absence of such language, the Act precludes the imposition of liability upon an employer. **Id.** at 308-309. We also said that "[t]he intent to indemnify against claims by employees of the alleged indemnitor [] must clearly appear." **Id.** at 307. Thus, in keeping with the spirit of our holding in **Bester**, I would conclude that where an indemnification clause purports to indemnify a third party against liability arising from the indemnitor's negligence that harms the indemnitor's

employees, the language of the contract should parallel the unequivocal provisions prescribed in *Bester*.

The Majority asserts that there is a dearth of Pennsylvania law relevant to Burchick's second claim. *See* Majority Memorandum at 15. My study of prior cases reveals, however, that although we have not extensively discussed the issue of indemnification based upon the negligence of an employer/indemnitor, we have never materially distinguished such claims from the treatment accorded indemnification predicated upon the negligence of an indemnitee. Our decision in *Snare*, *supra* illustrates this point. In that case, the plaintiff was a pipefitter employed by Sauer, Inc. (Sauer) at the Ebensburg Power Company (Ebensburg) in Ebensburg, Pennsylvania. At that time, Sauer was engaged as a subcontractor on a power plant construction project for which Ebensburg was the owner and UE & C Catalytic (Catalytic) was the general contractor. The plaintiff sustained injuries when a crane he was operating on a turbine floor fell into a hole. To recover for his injuries, the plaintiff filed a complaint against Ebensburg and Catalytic alleging that they negligently failed to provide a safe worksite. Thereafter, Ebensburg filed a third party complaint against United Engineers & Constructors, Inc. (United), a sister corporation of Catalytic. Catalytic and United subsequently filed a third party complaint against Sauer requesting indemnification and contribution in the event they were found liable to the plaintiff. Catalytic and United based their claims on the indemnity provisions

in a written contract between United and Sauer. United and Catalytic denied any negligence and alleged that if the plaintiff were injured in the manner that he claimed, then his injuries were caused by Sauer's negligence and the contract between Sauer and United required Sauer, as the subcontractor, to indemnify United and Catalytic for personal injuries caused by its negligence. Applying *Bester* and related cases, this Court rejected the indemnity claims advanced by United and Catalytic, concluding that the disputed contractual language was not sufficiently specific to compel Sauer, as an employer, to indemnify a third party.[2] The panel in *Snare* followed *Bester* without distinguishing or discussing whether the indemnity claims forwarded by United and Catalytic were based upon the negligence of an indemnitor or that of an indemnitee. *See Snare*, 637 A.2d at 299.

I derive further support for my position from the plain terms of the Act. The Act unmistakably declares that it is the sole means of recovery

---

[2] The indemnity provision we rejected in *Snare* was remarkably similar to the one found in Article VI of the parties' agreement, which the Majority upholds. It read:

> 5. [Subcontractor/Sauer] Agrees to indemnify and hold harmless the Owner [Ebensburg Power Company] and Contractor [United] their successors and assigns, from and against any and all claims, demands, suits, actions, losses, liens, damages, or expenses and attorneys' fees, however caused, resulting from, arising out of or in any way connected with the Contract....

*See Snare* at 637 A.2d at 299. Like Article VI in the case before us, the indemnity provision in *Snare* did not expressly provide that Sauer agreed to indemnify United for United's negligence that harmed Sauer's employee.

against an employer for all injuries arising out of accidents occurring within the course of employment. 77 P.S. § 481(a). Given that an employer will assume responsibility for injuries to its workers under this provision, we should not lightly presume that an employer would be willing to double its liability exposure by agreeing, through general terms, to indemnify a third party for injuries sustained by its employees as a result of its negligence. *See Bester*, 619 A.2d at 308 (indemnification clauses must contain express provisions in order to overcome employer's protection from double responsibility afforded under the Act). I also note that the Act specifically states that, "[an] employer . . . shall not be liable to a third party for damages, **contribution**, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." 77 P.S. § 481(b) (emphasis added). Contribution is nothing more, and nothing less, than judicially imposed indemnification for liability arising from the indemnitor's negligence in the absence of a contract. *See* Nancy J. White, *Death, Taxes, and . . . Insurance: Current Legal Issues Relating to Insurance in the Construction Industry*, 36 Real Est. L.J. 154, 157 (under limited form indemnity agreement, subcontractor is legally liable to general contractor for any sums the general must pay as a result of defects in the subcontractor's work and limited form agreement does nothing more

what the law requires under the doctrine of contribution). Since the Act provides that a third party cannot assert a claim for contribution (or a contractual claim for indemnity based upon the indemnitor's negligence) in the absence of an express provision in a written contract, I would argue that a provision which allows such a claim should meet the requirements set forth in **Bester**. In this case, neither Article IV nor Article VI meets **Bester**'s specificity requirements; hence, neither provision permits indemnity on any ground.

For the foregoing reasons, I am unable to agree that the contract between Burchick and Kusler required Kusler to indemnify Burchick for liability arising either from Burchick's negligence or Kusler's own negligence. Accordingly, I dissent.